## Standard Lime & Refractories Company v. Department of Environmental Resources.

Argued May 7, 1971, before Judges KRAMER, WIL-KINSON, JR., and MENCER, sitting as a panel of three.

*Miles J. Gibbons, Jr.,* with him *Morgan, Lewis & Bockius,* for appellant.

*Morris J. Solomon,* Assistant Attorney General, with him *William M. Gross,* Assistant Attorney General, and *J. Shane Creamer,* Attorney General, for appellee.

OPINION BY JUDGE KRAMER, July 8, 1971:

This matter is before this Court arising out of re-fusal by letter of the Acting Secretary of the Depart-ment of Environmental Resources to grant an appeal (also presented by way of a letter) to the Environ-

mental Hearing Board from another letter from the Director of the Devision of Abatement and Compliance of the Bureau of Air Pollution Control, stating that a timetable (explained hereinafter) was unacceptable, and that the matter was being referred to the Office of Legal Counsel.

For purposes of this opinion, this matter commenced with an Abatement Order dated April 23, 1969, of the Department of Health (predecessor to the Department of Environmental Resources for Air Pollution Control), which was issued to Standard Lime and Refractories Company (appellant). The abatement order stated, in pertinent part:

"(1) that the Standard Lime and Refractories Company shall, on and after May 1, 1970, reduce the particulate matter emissions from operations . . . to such a rate as shall not exceed the limit set forth in section 1.3 of the Air Pollution Commission regulation IV.

"(2) that the Standard Lime and Refractories Company shall, on or before June 30, 1969, submit to the Department of Health a plan setting forth the procedure to be used to comply with paragraph (1) of this Order. The plan is to contain:

"(a) a detailed description of the methods or devices to be used to control the air pollution.

"(b) a statement indicating that bi-monthly progress reports will be submitted to the Department of Health commencing on September 1, 1969." This order was amended on May 15, 1969, as follows: (1) the final compliance date was extended from May 1, 1970, to December 31, 1970; (2) the date for submitting compliance schedule was extended from June 30, 1969 to December 19, 1969; and (3) the date for commencement of bi-monthly progress reports was extended from September 1, 1969, to February 1, 1970. No appeal was taken from the abatement order or its amending order.

By letter dated January 15, 1970, the Department of Health granted a further extension for the time to submit a compliance plan to October 1, 1970. On September 21, 1970, appellant sent to the Department of Health documents which it asserts was full compliance with the orders of the Department of Health.

On December 29, 1970, the Director of the Division of Abatement and Compliance, Bureau of Air Pollution Control, Department of Health, notified the appellant that the timetable which had been submitted with the letter of September 21, 1970 (mentioned above) of the appellant was "unacceptable", and that the matter was being forwarded to the Office of Legal Counsel for the Department of Health. By letter dated January 21, 1971, appellant appealed to the Environmental Hearing Board for a hearing on this matter, and by letter of February 4, 1971, the Acting Secretary of the Environmental Resources Department advised the appellant that the attempted appeal was not valid because it was not filed within the thirty-day appeal period following the original abatement order. This letter also advised appellant that the matter was being referred to the Office of Legal Counsel. On March 5, 1971, the appellant filed its appeal with this Court on the basis that it was denied a hearing and that the letter of the Acting Secretary dated February 4, 1971, as mentioned above, was an adjudication through which the appellant had been aggrieved.

On April 5, 1971, the Department of Environmental Resources (appellee) filed a motion to quash the appeal, which is the specific matter upon which this Court must now rule. From a practical standpoint, the appellant is requesting this Court to order the Department of Environmental Resources to grant appellant a hearing on an appeal before the Environmental Hearing Board.

We should first point out that all of the provisions of the Air Pollution Control Act, including the Air Pollution Commission in the Department of Health, were transferred to and continued by the Department of Environmental Resources under the Environmental Resources Act, Act of December 3, 1970, P. L.    , Act No. 275.

Since the Department of Environmental Resources is subject to the Administrative Agency Law, Act of June 4, 1945, P. L. 1388, 71 P.S. 1710.1 et seq., we will look to that statute to determine the possible basis upon which the appellant may appeal to this Court. Section 41 of that Act (71 P.S. 1710.41) provides: "Within thirty days after the service of an adjudication . . . any person aggrieved thereby who has a direct interest in such adjudication shall have the right to appeal therefrom. . . ." Under "definitions" in Section 2 of that Act (71 P.S. 1710.2) we find: " 'Adjudication' means any final order, decree, decision, determination or ruling by an agency affecting personal or property rights, privileges, immunities or obligations of any or all of the parties to the proceeding in which the adjudication is made, but shall not mean any final order, decree, decision, determination or ruling based upon a proceeding before a court, or which involves the seizure or forfeiture of property, or which involves paroles, pardons or releases from mental institutions."

It is conceivable under a given set of circumstances that a letter of an agency of the State government could be considered an adjudication whereby a citizen's rights are affected thereby making him an aggrieved party. That is not the fact situation in this case. Here the appellant has represented to the court that it has complied with the orders of the Department of Health. The fact that the governmental authorities have found appellant's submission of its timetable to be "unacceptable" is not an adjudication which, to this date, affects

the appellant's rights. None of the statutes which are involved in this case authorizes the appellee to enforce the terms of the abatement order without first resorting to a court of record.* It is conceivable under the fact situation in this case that the Office of Legal Counsel to which this matter is, has, or will be referred, may determine that from a legal standpoint appellant's letter of September 21, 1970, was acceptable. In such an event, there is no legal significance to the Acting Secretary's letter of February 4, 1971. If, on the other hand, the Office of Legal Counsel commences some legal action against the appellant, at that time appellant's rights will be affected, and it will have every opportunity in a full hearing to present its contention that it is not in violation of any order of any governmental body. We hold that the appellant's attempt to appeal from the Acting Secretary's letter of February 4, 1971 is premature; and therefore the motion to quash must be granted.

We believe it to be very important to point out in this case that a citizen (a party subject to agency regulation) should never be precluded from appealing any adjudication which affects his rights or property. If the performance ordered by the agency is unreasonable or cannot be accomplished, he can appeal to the courts. It would make no sense to hold that a citizen, who is satisfied with the original order and wants to comply, must take a risk in not appealing because the agency may not like the citizen's preferred compliance long after the appeal period runs out. To hold that the citizen is precluded from a hearing on the question of

---

* We recognize that Section 7 (35 P.S. 4009) of the Act provides for a possible criminal action for unlawful conduct in a summary proceeding before an officer of the minor judiciary, but even there the citizen still may have his full day in court, "*de novo*", by virtue of the Minor Judiciary Court Appeals Act, Act of December 2, 1968, 42 P.S. 3003(f).

whether he has complied (after the appeal period) with the original order because he did not appeal within the appeal period after the original order, would violate his constitutional rights and invite appeals from all orders.

For instance, in this case, since the appellant did not appeal from the original abatement order, appellant cannot now question that order. See 35 P.S. 4004 (4.1). However, if the appellee now desires to question compliance, a new issue has been raised which can only be determined through a legal procedure via a hearing on that issue, either before the appellee's adjudicatory functionary or the courts. A letter from a governmental department head that in his opinion the appellant has not complied and therefore the matter will be referred to the agency's counsel, is not an adjudication from which an appeal may be taken. If the agency decides to enforce the original order or penalize for its non-compliance, there is a new issue which will require a hearing and adjudication. Until the appellee takes some action, appellant should be concerned, but appellant is not yet an aggrieved party. Common sense would seem to dictate a conference between representatives of the appellant and appellee to settle their differences, if for no other reason than to help reduce an already overloaded court calendar.

Based upon the above analysis of the record in this case and the law, we therefore

### ORDER

AND NOW, this 8th day of July, 1971, the motion to quash the appeal made by the Department of Environmental Resources is hereby granted.