McKinley *v.* State Board of Funeral Directors.

Argued January 5, 1972, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Peter Platten*, with him *William Y. Webb* and *Matthew M. Strickler*, and, of counsel, *Ballard, Spahr, Andrews & Ingersoll*, for appellant.

*J. Justin Blewitt, Jr.*, Deputy Attorney General, with him *J. Shane Creamer*, Attorney General, for appellees.

OPINION BY JUDGE BLATT, March 28, 1972:

The appellant asks this Court to set aside a ruling of the State Board of Funeral Directors, which was contained in a letter[1] from the said Board to the appellant. The letter was written in response to a written inquiry by the appellant as to what action the Board would take if he, as the licensed owner of five licensed Pennsylvania funeral director businesses, were also to acquire the ownership of a cemetery. The Board's letter advised that, if the acquisition of the cemetery were to be consummated while the appellant

---

[1] "Our Board has reviewed your letter of June 3, 1971 and discussed its contents at our meeting of September 7, 1971 with Commissioner Henry H. Kaplan and a representative of the Department of Justice.

"On the basis of the facts set forth in your letter, we cannot issue the ruling you request, because the proposed acquisition would clearly give rise to a violation of our Regulation 16.17. We have further been advised by the Department of Justice that Regulation 16.17 is valid.

"Accordingly, should the acquisition be consummated, we will take such appropriate action as may be indicated under the Funeral Directors Act (sic) and the rules and regulations promulgated thereunder."

44

continued to be the owner of the funeral director businesses, he would be in violation of the Board's Regulation 16.17,[2] and appropriate action would then be taken.

The appellant contends that Regulation 16.17 is invalid because it is not authorized by the Funeral Director Law,[3] and also invalid under the terms of the federal and state constitutions providing for due process and equal protection of the law. He asks this Court to reverse the Board and to rule that the acquisition and operation of the cemetery, at least if openly advertised and reported, would not be prohibited under the law, would not impair the licensure of the appellant or his employees, would not be cause for other preventive or disciplinary action by the Board, and would not require the approval of the Board.

The appellee Board has filed a motion to quash the appeal on the ground that its letter to the appellant was not an appealable adjudication. It contends that any appeal is premature because the letter contained no specific findings as required by law and because the appellant is not a person aggrieved by an adjudication. It also argues that its Regulation 16.17 is authorized by the Funeral Director Law and is constitutional within the terms of the federal and state constitutions.

We are of the opinion that the Board's letter was not an adjudication appealable under the terms of the

───────

[2] "No licensed funeral director shall have any interest directly or indirectly in a cemetery or memorial park or no licensed funeral director shall act as a supervisor or in any way be engaged on behalf of or in any way be engaged with a licensed corporation directly or indirectly owned by a cemetery or by any person or persons having any interest direct or indirect in a cemetery or memorial park. Interest for the purpose of this regulation shall be defined as including employment or any other interest held directly or indirectly by any person or persons and/or members of their immediate family."

[3] Act of January 14, 1952, P. L. (1951) 1898, 63 P.S. §479.1 et seq.

Administrative Agency Law.[4] That it was a letter, rather than a formal adjudication, is of no particular significance, for, as this Court has noted previously, a letter can under certain circumstances, constitute an adjudication.[5] In this case, however, there are clear deficiencies.

The Board's letter was not a ". . . final order, decree, decision, determination or ruling . . ." as Section 2(a) of the Administrative Agency Law, 71 P.S. §1710.2(a), requires. The advice given is at best an advisory opinion. It is a response to a theoretical question as to what would be the Board's position if the licensee should act in a way in which he may or may not ultimately choose to act. It in no way harms him in the conduct of his funeral director businesses, if they are otherwise being properly conducted, and it constitutes no present threat to his licenses or to those of his employees. At most, it warns him not to buy a cemetery.

Nor does the letter contain findings in support of the alleged adjudication as required by Section 34 of

---

[4] Act of June 4, 1945, P. L. 1388, 71 P.S. §1710.1 et seq. (The following are sections applicable to this case.)

Section 2(a), 71 P.S. §1710.2(a): " 'Adjudication' means any final order, decree, decision, determination or ruling by an agency affecting personal or property rights, privileges, immunities, or obligations of any or all of the parties to the proceeding. . . ."

Section 34, 71 P.S. §1710.34: "All adjudications shall be in writing, shall contain findings and the reasons for the adjudication. . . ."

Section 41, 71 P.S. §1710.41: "Within thirty days after the service of an adjudication . . . any person aggrieved thereby who has a direct interest in such adjudication shall have the right to appeal therefrom. . . ."

[5] *Standard Lime and Refractories Company v. Department of Environmental Resources*, 2 Pa. Commonwealth Ct. 434, 279 A. 2d 383 (1971). Also, see: *State Board of Chiropractic Examiners v. Life Fellowship of Penna.*, 90 Dauph. 44 (1968), rev'd on other grounds, 441 Pa. 293, 272 A. 2d 478 (1971).

the Administrative Agency Law, 71 P.S. §1710.34. In *D'Anjolell v. State Board of Funeral Directors*, 3 Pa. Commonwealth Ct. 64, 67, 280 A. 2d 123, 125 (1971), this Court quoted *Gottshall v. Batt*, 71 Dauph. 383, 399 (1958) as follows: "(W)here an administrative agency, pursuant to delegated legislative power, promulgates an order, definitive, basic findings of fact are essential to the validity of its action, and such findings must be sufficiently specific to enable the court in reviewing that action to pass upon questions of law. . . ." In the instant case, the appellant's pleadings refer to certain facts which might be of interest in considering the validity or the constitutionality of the alleged adjudication, but these facts are neither admitted nor determined by the Board and they may or may not be true. Other facts, even more relevant, might well be developed in a hearing, but such are not available now for consideration by the Court. Are some licensed funeral director businesses, for example, permitted to own a crematorium or columbarium? Is one such business even allowed to own a cemetery? The appellant states that there are such, but no finding is made by the Board. Is there some way in which the corporate owner of a funeral director business could acquire a cemetery without endangering the licenses of his individual employees, who would have no ownership licenses of their own? The record is silent. Clearly there are no findings which this Court can now review, and, although we could remand the case to the Board for such findings, we do not do so because of other deficiencies noted herein.

Finally, the appellant is not "a person aggrieved" by an adjudication, and thus entitled to an appeal under the terms of Section 41 of the Administrative Agency Law, 71 P.S. §1710.41, nor does the letter of which he complains affect any personal or property rights.

The Board's letter notes that the proposed acquisition of the cemetery by the appellant would be in violation of Board Regulation 16.17 and says that, if the acquisition were to be consummated, the Board would then take appropriate action. No action, however, was ordered by the letter, and the appellant's rights as a licensee to conduct his funeral director businesses are in no way affected by it. Nor are the rights of any of his employees as licensees of the Board affected either. Again, he is merely warned not to buy a cemetery.

We believe, therefore, that allowing an appeal from the Board's letter under these circumstances would encourage a wasteful multiplicity of appeals for judicial review of routine administrative agency correspondence. The facts in this case are very similar to those in *Standard Lime, supra,* the Board's letter here merely stating an advisory opinion which does not foreclose the appellant from seeking further recourse under the Funeral Director Law, the Administrative Agency Law, or any other applicable statutes or regulations. Indeed, we might suggest the possibility of the Board's willingness to have the validity of its Regulation 16.17 settled judicially by temporarily suspending any penalty to be imposed for the violation of that regulation pending final adjudication of any appeal therefrom. Thus, the appellant could have his rights fully determined and the Board could be fully satisfied as to the validity of its regulation.

We believe that the present appeal must be quashed, and the appellee Board's motion to quash is, therefore, granted.

---

CONCURRING OPINION BY JUDGE CRUMLISH, JR.:

While I concur in the result reached by the Court today, I disagree with the reasoning leading to it. As I said in my dissenting opinion in *Manheim Township*

*School District v. State Board of Education,* 1 Pa. Commonwealth Ct. 627, 276 A. 2d 561 (1971),[1] "I believe that Article V, Section 9 [of the Pennsylvania Constitution] was not intended to limit its reference to appeals from *'administrative'* agencies to 'adjudications.' " (Emphasis in original) Therefore the finding that the letter which precipitated this appeal was not an "adjudication" within the meaning of the Administrative Agency Law[2] would not be a sufficient basis in and of itself to quash this appeal.

"The distinction between adjudicatory or judicial decisions by agencies and their administrative decisions was clearly set forth in Newport [*Township School District v. State Tax Equalization Board,* 366 Pa. 603, 79 A. 2d 641 (1950)] which framed the portrait of all later decisions in this legal museum. Mr. Justice LADNER, in answering the question of whether purely administrative decisions are reviewable stated: 'No statute since 1874 has enlarged our certiorari powers so far as *administrative* or nonjudicial tribunals are concerned. . . .' (Emphasis original.) 366 Pa. at 608. *Article V, Section 9 has finally enlarged the powers of the courts of Pennsylvania in this regard.* As stated by Justice POMEROY in Smethport [*Area School District v. Bowers,* 440 Pa. 310, 269 A. 2d 712 (1970)]: 'This introduced a new concept to Pennsylvania jurisprudence, one which recognized the important position of administrative agencies in modern government, the quasi-judicial functions that many of them perform and the fact that *both property rights and personal rights can be seriously affected by their decisions.'* (Emphasis added). 440 Pa. at 314. Our experience dictates and I firmly believe that administrative decisions by agen-

---

[1] Allocatur was denied *per curiam* by the Supreme Court of Pennsylvania on June 28, 1971.

[2] Act of June 4, 1945, P. L. 1388, §2(a), 71 P.S. §1710.2(a).

cies have the same incisive effects on personal and property rights as adjudicatory decisions." *Manheim*, dissenting opinion, 1 Pa. Commonwealth Ct. at 641.

The effect of Article V, Section 9, however, is not to abrogate the necessity for "case or controversy." Administrative action should only give rise to appeal if one's constitutional or statutory rights are violated. Here the action by the State Board of Funeral Directors did not reach that height. Appellant had four alternative actions he could have pursued prior to the Board's letter: (1) comply with the regulation; (2) violate the Regulation and then test its validity in court; (3) seek to have the regulation changed; and (4) change professions. All these options are still available after the Board's action. Its only effect was to indicate that the third option would not succeed on an administrative level. The Board's letter has not affected appellant's legal position should he decide to challenge the regulation. It has not affected appellant's personal or property rights, either statutory or constitutional. Absent a "case or controversy" this Court cannot entertain this appeal[3] whether the Board's action be deemed "adjudicatory" or "administrative." The appeal must be quashed.

---

[3] *See Havertown Savings and Loan Association v. Commonwealth*, 3 Pa. Commonwealth Ct. 266 (1971).