F. Edward Finkle and Northwest Community Housing Association, Inc., Appellants, *v.* Commonwealth of Pennsylvania, State Real Estate Commission, Appellee.

Argued December 6, 1974, before Judges CRUMLISH, JR., MENCER and BLATT, sitting as a panel of three.

*William H. Ewing,* with him *Goodman & Ewing,* for appellants.

*Robert D. Chamberlain, Jr.,* Assistant Attorney General, with him *Israel Packel,* Attorney General, for appellee.

*David Belmont,* for amicus curiae, Housing Association of Delaware Valley.

OPINION BY JUDGE CRUMLISH, JR., February 4, 1975:

Before us for determination is a motion to quash the appeal of F. Edward Finkle and the Northwest Community Housing Association, Inc. (Appellants). The Commonwealth of Pennsylvania State Real Estate Commission (Commission) moves to quash this appeal on two grounds: First, that Appellants are not "persons aggrieved" by the action of the Commission, and second, that there was no "adjudication" from which an appeal would lie.

On March 14, 1973, Appellants filed a Sworn Statement of Complaint against DePaul Realty Company (DePaul) with the Commission, alleging that DePaul had violated the Real Estate Brokers License Act, Act of May 1, 1929, P.L. 1216, *as amended,* 63 P.S. §§440(a)(1) and (6) by advertising that all listings were sold out when in fact they were not. DePaul filed an answer admitting that one misleading advertisement

had been placed by a manager of one of its offices, who was subsequently dismissed, but denied the remaining allegations. By letter dated November 8, 1973, the Commission notified the parties of its intention to conduct "an informal hearing" on the matter. That hearing was held on November 19, 1973, and following deliberations at which the Commission concluded that DePaul should "exercise better control over [its] advertising procedures and content in the future," a letter of reprimand[1] dated January 4, 1974, was sent to DePaul. The action by the Commission of a mere reprimand by letter, is the action from which this appeal was taken. We hold that the appeal should not be quashed.

Our initial inquiry is to determine whether Appellants are "persons aggrieved" within the meaning of the Administrative Agency Law, Act of June 4, 1945, P.L. 1388, *as amended,* 71 P.S. §1710.41. Sections 2(c) and 2(d) of that Act, 71 P.S. §§1710.2(c), (d) state: "(c) 'Party' means any person who appears in a proceeding before an agency who has a direct interest in the subject matter of such proceeding. (d) 'Person' means any individual or organized group of any character, including partnerships, corporations and other forms of association, as well as Federal, State or local

---

1. The letter stated: "Dear Mr. Voldow: This is to advise you that the State Real Estate Commission has reviewed the complete file in the above captioned matter.

"Although the Commission has decided not to take any formal action against you on the basis of this complaint, the Commission, however, is of the opinion that you did not handle the instant transaction in a careful or prudent manner. You are hereby directed to conduct yourself in accordance with all of the provisions of the Real Estate Brokers' License Act and its supplementing Rules and Regulations.

"You are further advised, that this letter of reprimand will become a part of your conduct on file with the Commission. Very Truly yours, Ann Z. Bennett, Secretary, State Real Estate Commission."

instrumentalities, political subdivisions or officers thereof." and Section 41, 71 P.S. §1710.41 states in relevant part: "Within thirty days after the service of an adjudication . . . *any person aggrieved thereby who has a direct interest in such adjudication* shall have the right to appeal therefrom." (Emphasis added).

In the instant case, F. Edward Finkle, an "individual," is a homeowner owning property approximately five blocks from DePaul's offending office, and the Northwest Community Housing Association, Inc., an organized group," is an association of neighborhood groups composed of persons living within Northwest Philadelphia. There can be no doubt that both Appellants are persons within the meaning of the statute. Our inquiry, therefore, must be to see whether or not they have been aggrieved in a direct manner. Both Appellants do have a "direct interest" in frustrating misleading real estate advertising practices in their area because their real property rights are affected. When misleading real estate practices occur in an area in which a person lives, notwithstanding the fact that that person's land is not subject to the deceptive practice, the value and desirability of his property can be affected. Under such circumstances, that person is most definitely aggrieved. Admittedly there are cases where the right of an appellant could be more directly affected, but we are satisfied that sufficient harm accrues to the present Appellants from this misleading advertising to warrant a finding that they are indeed "persons aggrieved" within the meaning of Section 41.

Appellees, as proponents of the motion, next argue that the January 4, 1974 letter from the Commission to DePaul admonishing DePaul to "conduct yourself in accordance with all the provisions of the Real Estate Brokers Act," was not an adjudication within the meaning of Section 2(a), 71 P.S. §1710.2(a). Section 2(a) states: "(a) *'Adjudication'* means any final order, de-

cree, *decision, determination* or *ruling* by an agency affecting personal or property rights, privileges, immunities or obligations of any or all of the parties to the proceeding in which the adjudication is made . . .." (Emphasis added).

Unlike our decision in *McKinley v State Board of Funeral Directors,* 5 Pa. Commonwealth Ct. 42, 288 A. 2d 840 (1972) which held a letter of that Board to be "at best an advisory opinion" and not an adjudication, the letter sent by the Commission to DePaul is an adjudication within the meaning of Section 2(a). As we wrote in *McKinley,* "[t]hat it was a letter, rather than a formal adjudication, is of no particular significance, for, as this Court noted previously, a letter can under certain circumstances, constitute an adjudication." *McKinley, supra,* at 288 A. 2d at 842. The letter of reprimand sent by the Commission was in response to a formal complaint and followed a hearing on that complaint. The letter in *McKinley* was in response to an informal request with reference to the possible ramifications of purchasing a cemetery. Clearly, the January 4, 1974, letter sent by the Commission was meant as a final determination of Appellants' complaint. In its deliberations which are part of the record now before us, the Commission concluded that the January 4, 1973 letter be sent to DePaul, but prefaced that determination with the following language, "[a]s a result of this informal hearing, motion was made, seconded and passed unanimously that the following letter be forwarded to Mr. Voldow, *whereupon this case may be closed.*" (Emphasis added.)

The import is unmistakable. If Appellants are not able to appeal the Commission's action at this point there will be no review of this final administrative decision. Rights and privileges have been affected and therefore review must be allowed.

226

Consistent with the foregoing, we enter the folowing

ORDER

AND NOW, February 4, 1975, it is hereby ordered that the motion to quash the appeal of F. Edward Finkle and Northwest Community Housing Association, Inc. filed by the Commonwealth of Pennsylvania State Real Estate Commission be denied.