Robert and Minnie Flaharty, et al, Appellants, *v.*
School Directors of Eastern School District,
Appellees.

Argued January 6, 1975, before President Judge
BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKIN-
SON, JR., MENCER, ROGERS and BLATT.

*Allen H. Smith,* for appellants.

*Henry W. Rhoads,* with him *W. Burg Anstine, Clyde R. Hendershot, Anstine & Anstine,* and *Rhoads, Sinon & Reader,* for appellees.

OPINION BY JUDGE CRUMLISH, JR., March 14, 1975:

Presently before us is an appeal transferred from the Supreme Court from an order of the Court of Common Pleas of York County, which on June 13, 1974 dismissed exceptions to two previous opinions and orders of that court. The first order sustained a demurrer of the Defendant School Directors of Eastern School District (Appellee) to the complaint in equity of Robert Flaharty and Minnie Flaharty, et al, (Appellants). The second order required Appellants to post bond in the amount of $100,000.00 indemnifying the school district for possible losses incurred as a result of the delay caused by litigation.

The factual posture of this appeal is as follows. The Eastern School District needed a new senior high school. A public hearing was convened by the school board (Board) for the purpose of determining cost estimates, which in dué course were approved by the Pennsylvania Department of Education (Department). Subsequent to this approval, the Act of June 27, 1973, P.L. ——, No. 34, 24 P.S. §7-701.1, colloquially referred to as the "Taj

Mahal Act" or Act 34[1] was enacted. After the effective date of Act 34, bids were invited and received for the general contract, heating, ventilation, plumbing and electrical work. No bids were requested or received for equipment and fixtures or water to site cost. The total cost at this point appeared to exceed by more than eight (8) percent the initial bidding construction cost estimates originally approved by the Department. Hence a new hearing was held pursuant to the terms of Act 34.[2]

Appellants, disgruntled by Board and Department handling of the proposal, filed a summons in equity to which Appellees responded with a petition seeking an order requiring the prompt filing of a complaint and an indemnification bond. A complaint was filed praying, *inter alia,* that:

"1. The Eastern School Directors be enjoined from letting any contracts, issuing any bonds, or proceeding further with construction plans until a second hearing is held of a public nature.

---

1. The Act of June 27, 1973, P.L. ——, No. 34, 24 P.S. §7-701.1 was added to the Public School Code of 1949, Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §1-101 et seq.

2. Act 34, 24 P.S. §701.1, provides in relevant part: "If the final building construction cost bids to be submitted to the Department of Education for approval are less than the aggregate building expenditure standard hereafter specified but exceed by eight (8) percent or more the initial building construction cost estimates submitted to the Department for approval, a second public hearing shall be held before the Department shall give its final approval." Department has received a copy of the resolution of Board indicating its intention to hold the public hearing, a copy of the relevant advertisements to meet the requisite notice requirements and a summary of the hearing, all of which are required by Department prior to its action after a second hearing. No action on the final building construction cost bids has been taken.

The issue which will be dealt with later by us is whether or not the post-Act 34 hearing can qualify as a second hearing under the Act.

"2. The Eastern School District Directors be enjoined from proceedings further with planned construction or proceeding with a second hearing until it has firm bids for water site costs, any and all other possible construction costs which have not heretofore been set forth or announced to the public."

Appellees' demurrer to this complaint was sustained by the court below on the ground that Appellants had failed to exhaust the administrative procedures available as specified under the terms of Act 34. The court held that equity should not at this point interfere with the administrative proceedings then in progress. Exceptions to this decree were filed.

Following the success of the demurrer pleading, Appellees again pressed the issue of the indemnification bond then still undecided by the court. The court then ordered the unsuccessful Appellants to file a bond in the amount of $100,000.00. Exceptions to this order were again filed.

In an opinion sur the exceptions to both the decree sustaining the demurrer and the decree imposing bond, the court dismissed the exceptions and the instant appeal followed.

Appellants frame five issues for our determination.

1. Did the lower court err in holding that it had no authority to enjoin Appellees from proceeding with plans to erect the proposed school?

2. Must the Board hold a "second hearing," when the final building construction cost exceeds the initial building construction cost estimates by eight (8) percent; and if so, was a "second" hearing held in this case?

3. Did the court below have authority to require Appellants to post a bond when it had previously determined that it would not allow equity to enter where there had been a failure to exhaust the administrative procedure delineated under Act 34?

4. May the court below direct bond to be entered where a complaint in equity fails to seek a preliminary injunction?

5. Where Appellees file in contemporaneous petitions requests for the posting of bond and a request to compel the filing of bond and a hearing is held after which an order is entered which is silent as to bond, are Appellees barred from seeking that relief in a subsequent petition?

Initially, we dispose of Appellants' first two contentions. Hornbook law teaches us that equity has no jurisdiction where there exists an adequate remedy at law. This is the substance of the equity decree below and we agree.

Act 34 states, "a second public hearing shall be held *before* the Department shall give its final approval." (Emphasis added.) This means that the administrative process, set forth in the Act, is finalized when the Department concludes its deliberations on final approval, and not before. Equity may not be invoked by Appellants before that point. Equity is not a tool to be used to circumvent or shortcut the administrative process. A party should not be able to turn to equity for relief, at each step of the administrative process, when he disagrees with a ruling or determination, unless he enjoys specific authority to do so. Unhappily for Appellants, this is not their case. Parenthetically, we observe that Department approval is the administrative step which supplies their adequate remedy. The Public School Code of 1949, Act of March 10, 1949, P.L. 30, §7-731, 24 P.S. §7-731 provides (subsection 3) that the Department may hold hearings on the subject of construction of public school buildings. Should Appellants question the validity of the second hearing, this would be the available forum in which to present their contention.

Finally, we find merit in Appellants' argument that the order requiring posting of the indemnification bond following the sustaining of the demurrer was error. Ap-

pellees mistakenly rely on Pa. R.C.P. 1531(b) which calls for the posting of bond in situations where a preliminary injunction is sought and further rely on 8 Pa. Standard Practice, Injunctions, §381 which states: "The purpose of the requirement of a bond is to prevent one's rights from being jeopardized during the pendency of causes before such rights are finally determined by the Court." This is doubtless true where a bond has been imposed *during the pendency of the litigation.* But here, a demurrer had been sustained and Appellants were effectively out of court and with them went all attributes of *lis pendens.* Appellees' efforts to revive the litigation by the filing of a Petition for Bond could not breathe life into the dead issue. Having so decided, we need not reach the issue of whether the filing of the second petition for bond was barred by the Court's failure to act on the first petition.

Consistent with the foregoing, we affirm that part of the order below which sustained Appellees' demurrer and reverse as to that part which related to the posting of an indemnification bond.