Carolyn M. Kerr, Petitioner *v.* Commonwealth of Pennsylvania, Department of State, Respondent.

Argued February 2, 1978, before Judges Rogers, Blatt and DiSalle, sitting as a panel of three.

*Joseph G. Riper,* with him *W. Jeffry Jamouneau,* and *McNees, Wallace & Nurick,* for petitioner.

*Michael T. McCarthy,* Assistant Attorney General, with him *Paul J. Carey, Jr.,* General Counsel, and *Robert P. Kane,* Attorney General, for respondent.

OPINION BY JUDGE BLATT, May 10, 1978:

Petitioner, Carolyn M. Kerr, has filed a "petition for review in the nature of an action for mandamus" seeking judicial review of the rejection by the Corporation Bureau of the Pennsylvania Department of State of her application to register a fictitious name. She submitted her application, requesting to do busi-

ness under the fictitious name of Forty West Ltd., in accordance with the Fictitous Names Act,[1] 54 P.S. §28.1, which requires that prior to conducting any business in this Commonwealth under any fictitious names, an individual is required to file an application with the Secretary of the Commonwealth and the relevant county prothonotary. She received a letter from the Director of the Corporation Bureau of the Department of State, stating that her application had been returned because "company is the only designator allowed in a fictitious name. The designator Ltd., Inc., Corp. are not permitted."

This petition for review is in the form of a complaint in mandamus addressing our original jurisdiction over governmental determinations and alternatively addresses our appellate jurisdiction over adjudications of state administrative agencies.[2] As so viewed, we initially believe that the Petitioner has failed to state a cause of action in mandamus. Mandamus, of course, is an extraordinary writ which lies to compel the performance of a ministerial act or mandatory duty where a clear legal right exists in the petitioner, a corresponding duty in the respondent, and a lack of any other appropriate and adequate remedy. *Jones v. Packel*, 20 Pa. Commonwealth Ct. 606, 342 A.2d 434 (1975).

The doctrine of exhaustion of administrative remedies requires that where an administrative remedy is provided, a party aggrieved by an agency decision must exhaust such administrative remedy before a court will act. *Flaharty v. School Directors of Eastern School District*, 17 Pa. Commonwealth Ct. 637, 334 A.2d 310 (1975); *Borough of Baldwin v. Department*

---

[1] Act of May 24. 1945, P.L. 967, *as amended*, 54 P.S. §28.1 et seq.

[2] *See Gorton v. State Civil Service Commission*, 35 Pa. Commonwealth Ct. 319. 385 A.2d 1026 (1978).

*of Environmental Resources*, 16 Pa. Commonwealth Ct. 545, 330 A.2d 589 (1974). The petitioner's remedy here, we must therefore note, is specifically provided for under the Administrative Agency Law,[3] 71 P.S. §1710.51(a)(2), the General Rules of Administrative Practice and Procedure, 1 Pa. Code §31.1 et seq., and other regulations[4] issued pursuant thereto. The Petitioner here has an administrative remedy which has not been exhausted, therefore this action in mandamus must be dismissed.

Similarly, we do not believe that this letter can be construed as an "adjudication" as defined in the Administrative Agency Law, a prerequisite to an appeal on the merits to this Court under the Appellate Court Jurisdiction Act of 1970.[5] It is of no particular significance, of course, that the decision to return Appellant's application was communicated in the form of a letter rather than as a formal adjudication, for we have previously held that a letter can constitute an adjudication in instances where it is a final directive of final determination by the agency affecting

---

[3] Act of June 4, 1945, P.L. 1388, *as amended*, 71 P.S. §1710.1 et seq. Section 2 provides as follows:

'Adjudication' means any final order, decree, decision, determination or ruling by an agency affecting personal or property rights, privileges, immunities or obligations of any or all of the parties to the proceeding in which the adjudication is made, but shall not mean any final order, decree, decision, determination or ruling based upon a proceeding before a court, or which involves the seizure or forfeiture of property, or which involves paroles, pardons or releases from mental institutions.

[4] We note that regulations at 19 Pa. Code §13.2 specifically provide that information as to these administrative procedures will be furnished to anyone upon request to the Director of the Corporation Bureau, Department of State.

[5] Act of July 31, 1970, P.L. 673, *as amended*, 17 P.S. §211.101 et seq.

personal or property rights. *See Newport Homes, Inc. v. Kassab*, 17 Pa. Commonwealth Ct. 317, 332 A. 2d 568 (1975); *Finkle v. State Real Estate Commission*, 17 Pa. Commonwealth Ct. 221, 331 A.2d 593 (1975); *See also Department of Health v. Schum*, 21 Pa. Commonwealth Ct. 356, 346 A.2d 599 (1975); *O'Peil v. State Civil Service Commission*, 13 Pa. Commonwealth Ct. 470, 320 A.2d 461 (1974); *McKinley v. State Board of Funeral Directors*, 5 Pa. Commonwealth Ct. 42, 288 A.2d 840 (1972); *Standard Lime and Refractories Co. v. Department of Environmental Resources*, 2 Pa. Commonwealth Ct. 434, 279 A.2d 383 (1971). This letter is not such a final directive. This Court does not have jurisdiction over the instant appeal because the letter sent by the Director of the Corporation Bureau was not a final adjudication ripe for appellate review on the merits.

The appeal therefore is also dismissed, without prejudice to either party.

ORDER

AND Now, this 10th day of May, 1978, the Petitioner's appeal is hereby dismissed without prejudice to either party.