William B. Richardson, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Human Relations Commission, Respondent.

Argued June 6, 1980, before Judges MENCER, ROGERS and CRAIG, sitting as a panel of three.

*William B. Richardson,* petitioner, for himself.

*Edith E. Cox,* Assistant General Counsel, with her *Robert S. Mirin,* General Counsel and *Joel M. Ressler,* Deputy Attorney General, for respondent.

OPINION BY JUDGE ROGERS, July 3, 1980:

William B. Richardson, an investigator for the Public Defender of Westmoreland County, has been engaged without counsel since 1975 in the pursuit of a charge of discrimination against the Westmoreland County Salary Board and the Governor's Justice Commission, claiming that allegedly unfavorable decisions concerning his salary had been made by the respondents based upon his male sex and mature age. We are presently concerned with his Petition for Review filed in this court attacking an order of the Commission dismissing, for lack of probable cause, his amended complaint against the Salary Board and Justice Commission.

It is unnecessary for us to detail the extensive proceedings in the Commission and in the Federal courts which preceded Richardson's filing of his amended complaint with the Commission in October 1977. The Commission attempted to elicit from Richardson information which would clarify the charges seeming to be made in the amended complaint without success and in January 1978 tried to conduct an investigation, again without success, to ascertain their basis. The Commission finally concluded that there was no probable cause for the complaint, dismissed it and so advised Richardson by letter dated May 9, 1979. Richardson wrote a letter to the Commission dated May 12, 1979, stating in full: "This is written request for a preliminary hearing before the Commission to determine probable cause for crediting the allegations of my complaint or complaints." Having had no response to the letter by June 8, 1979, Richardson on that day filed

the Petition for Review here under consideration. By letter dated June 13, 1979 the Commission wrote Richardson that his request of May 12, 1979 did not conform to Commission regulations because it specified no grounds and gave him ten days from the receipt of the June 13, 1979 letter to file a proper request. On July 9, 1979 the Commission filed a motion to dismiss Richardson's Petition for Review averring that Richardson failed to respond to its June 13, 1979 letter and asserting that Richardson's failure to file a proper petition for rehearing with grounds stated constituted a failure to exhaust an adequate available administrative remedy. We agree.

Section 9 of the Pennsylvania Human Relations Act, Act of October 27, 1955, P.L. 744, *as amended,* 43 P.S. §959, provides in part:

> Any individual claiming to be aggrieved by an alleged unlawful discriminatory practice may make, sign and file with the Commission a verified complaint. . . .

> After the filing of any complaint, or whenever there is reason to believe that an unlawful discriminatory practice has been committed, the Commission shall make a prompt investigation in connection therewith.

> If it shall be determined after such investigation that no probable cause exists for crediting the allegations of the complaint, the Commission shall, within ten days from such determination, cause to be issued and served upon the complainant written notice of such determination, and the said complainant or his attorney may, within ten days after such service, file with the Commission a written request for a preliminary hearing before the Commission to determine probable cause for crediting the allegations of the complaint. . . .

The Commission shall establish rules of practice to govern, expedite and effectuate the foregoing procedure and its own actions thereunder. . . .

Pursuant to the rule making authority just mentioned, the Commission at 16 Pa. Code §42.62(c) has provided: "A request for reconsideration of dismissal shall be in writing, shall state specifically the grounds relied on, and may contain new evidence not previously considered by the Commission." Richardson's request of May 12, 1979 clearly does not state the grounds relied on. Although the Commission informed him of this deficiency and afforded a further opportunity to comply with the rules, Richardson failed to do so. Having failed to exhaust the administrative remedy he may not ask a court to act in the matter. *Kerr v. Department of State,* 35 Pa. Commonwealth Ct. 330, 385 A.2d 1038 (1978).

Accordingly, the Petition for Review is dismissed.

### ORDER

AND Now, this 3rd day of July, 1980, the Pennsylvania Human Relations Commission's motion to dismiss the petition for review of William B. Richardson is granted and the petition for review of William B. Richardson is hereby dismissed.