95 Pa. Commonwealth Ct. 457 (1986)
505 A.2d 1091
Sandy Creek Forest, Inc., Petitioner
v.
Commonwealth of Pennsylvania, Department of Environmental Resources, Respondent.
No. 1900 C.D. 1985.
Commonwealth Court of Pennsylvania.
Argued February 4, 1986.
March 6, 1986.
*458 Argued February 4, 1986, before Judges CRAIG and PALLADINO, and Senior Judge KALISH, sitting as a panel of three.
John A. Mihalik, Hummel, James & Mihalik, for petitioner.
Vincent M. Pompo, Assistant Counsel, with him, Lynn Wright, for respondent.
OPINION BY JUDGE PALLADINO, March 6, 1986:
This is an appeal by Sandy Creek Forest, Inc. (Petitioner) from an order of the Environmental Hearing Board (Board) which, upon the motion of Department of Environmental Resources (DER), dismissed Petitioner's appeal to the Board from a letter written by DER, on the ground that the letter does not constitute a final action and is, therefore, not appealable. We affirm.
Petitioner owns an undeveloped tract of land in Covington Township, Clearfield County, Pennsylvania, which has been subdivided into lots, some of which *459 have been sold. Petitioner seeks sewage permits which would allow on-site sewage facilities for the subdivision. By letter dated November 9, 1983, Petitioner requested that DER make a determination that no revision of the Covington Township official sewage plan was necessary to accommodate Petitioner's subdivision. Petitioner did not, however, supply DER with any of the information required by DER regulations[1] to enable DER to make the requested determination. DER responded, by letter dated February 24, 1984, that it would be unable to make the determination until Petitioner submitted the requisite information.
Petitioner appealed from this letter to the Board. The Board granted DER's motion to quash the appeal because it determined that the letter was not a final action and, therefore, was not appealable.
Petitioner appeals the Board's order asserting that DER's letter is a final action pursuant to 2 Pa. C. S. §101, and is appealable because it affects Petitioner's property rights in that the lots may not be developed without sewage permits, and the permits may not be obtained without a determination by DER that on-site sewage disposal is permissible. Petitioner argues that the burden of revising an official sewage plan to accommodate a subdivision is upon the municipality.[2] Therefore, the burden of providing the requested information should be borne by the municipality and not the subdivider. Petitioner next argues that because the burden of providing the information should be upon the municipality, if the municipality refuses to supply the information the landowner is deprived of the use of his or her property. Petitioner then concludes that because it, as a landowner, is being deprived of its right to use its property, DER's letter is a final action.
*460 In addition to being specious, Petitioner's argument is without merit. DER's regulations specifically provide that a revised or supplemental sewage plan may be prepared by a subdivider or other person,[3] and that a resident or property owner may request DER to order a municipality to revise or supplement its official sewage plan.[4] DER's regulations do not place the burden of providing the requested information on the municipality, and even if they did, it would not be unreasonable for the municipality to require that the subdivider or landowner provide the information to the municipality.[5] Because Petitioner, as subdivider, is the party seeking the determination that no revision of the plan is necessary in the case at bar, it is not unreasonable or confiscatory to require it to submit the information necessary for DER to make this determination.
DER has merely informed Petitioner what information is required for it to make that determination. A letter from an agency stating what the law requires is not a final action or adjudication and is not appealable. See Kerr v. Department of State, 35 Pa. Commonwealth Ct. 330, 385 A.2d 1038 (1978).
Accordingly, the order of the Board is affirmed.

ORDER
AND NOW, March 6, 1986, the order of the Environmental Hearing Board, No. 84-111-M, dated June 4, 1985, is affirmed.
NOTES
[1] 25 Pa. Code §71.15.
[2] See 25 Pa. Code §71.15(b).
[3] 25 Pa. Code §71.15(d).
[4] 25 Pa. Code §71.17.
[5] DER states in its brief before this Court that municipalities usually do require the interested party to provide the necessary information when preparing a revision or supplement to be submitted to DER.