646 A.2d 663

**John M. O'BRIEN, Appellant,**

v.

**TOWNSHIP OF RALPHO.**

Commonwealth Court of Pennsylvania.

Argued May 13, 1994.

Decided July 29, 1994.

James A. Zurick, for appellant.

Jack C. Younkin, for appellee.

Before COLINS, SMITH and PELLEGRINI, JJ.

SMITH, Judge.

John M. O'Brien appeals from the November 19, 1993 order of the Court of Common Pleas of Northumberland County granting the preliminary objections in the nature of a demurrer filed by the Township of Ralpho (Township). The sole issue raised for this Court's review is whether a police department incident report qualifies as an adjudication for purposes of Section 752 of the Local Agency Law, 2 Pa.C.S. § 752.

On March 16, 1993, O'Brien was involved in a nonreportable two-vehicle accident in the Township. After viewing the scene

of the accident, the Township's chief of police filed an incident report which stated, inter alia, that O'Brien "may have lost control and slid into" the other vehicle due to snow and slush covering O'Brien's lane of travel. No citations were issued to either driver. O'Brien filed a complaint in June 1993 alleging that the incident report erroneously assigned responsibility for the accident to O'Brien; that the report "directly prejudiced and adversely affected a property right, privilege, liability and obligation of [O'Brien] in that his cost to obtain automobile insurance has raised substantially"; and that the report constitutes a final adjudication because it affects a property right and leaves O'Brien with no other forum in which to assert his rights. The Township filed preliminary objections in the nature of a demurrer contending that the incident report was not an adjudication, did not directly prejudice or adversely affect O'Brien's rights or privileges, and the complaint failed to set forth a claim upon which relief could be granted.

In granting the Township's preliminary objections, the trial court noted in its opinion that the Local Agency Law, 2 Pa.C.S. § 752, provides:

> Any person aggrieved by an adjudication of a local agency who has a direct interest in such adjudication shall have the right to appeal therefrom to the court vested with jurisdiction of such appeals by or pursuant to Title 42 (relating to judiciary and judicial procedure).

An adjudication is defined in pertinent part at 2 Pa.C.S. § 101 as:

> Any final order, decree, decision, determination or ruling by an agency affecting personal or property rights, privileges, immunities, duties, liabilities or obligations of any or all of the parties to the proceeding in which the adjudication is made....

The trial court stated that because it was ruling on a demurrer, it must accept all well-pleaded facts of the plaintiff and must, therefore, find that the incident report impacted upon O'Brien's liabilities and obligations. Nonetheless, the trial court held that the incident report was not final and did not

implicate an adversarial relationship as contemplated by the terminology of Section 101; furthermore, the action of a police officer in placing his opinions in an unofficial incident report did not constitute a proceeding necessary for an adjudication.

On appeal to this Court, O'Brien argues that the conclusion set forth in the incident report was a final decision affecting a personal property right for which no avenue of appeal exists and was therefore an appealable adjudication. This Court's scope of review is limited where there is a challenge to the sustaining of a preliminary objection in the nature of a demurrer. *Crum v. Burd,* 131 Pa.Commonwealth Ct. 550, 571 A.2d 1, *appeal denied,* 525 Pa. 649, 581 A.2d 574 (1990). When considering preliminary objections in the nature of a demurrer, the Court must accept as true all well-pleaded material facts in the complaint as well as all reasonable inferences that may be drawn from those facts. *Capital City Lodge No. 12, Fraternal Order of Police v. City of Harrisburg,* 138 Pa.Commonwealth Ct. 475, 588 A.2d 584, *appeal denied,* 528 Pa. 614, 596 A.2d 159 (1991). The question presented by a demurrer is whether, on the facts averred, the law says with certainty that no recovery is possible. *Mahoney v. Furches,* 503 Pa. 60, 468 A.2d 458 (1983). The Court will overturn the trial court's decision only if there has been an error of law or a clear abuse of discretion. *Kilmore v. Erie Insurance Co.,* 407 Pa.Superior Ct. 245, 595 A.2d 623 (1991), *appeal denied,* 529 Pa. 664, 604 A.2d 1030 (1992).

O'Brien contends that the incident report was a decision that rose to the level of agency action and that it is reasonable to infer that O'Brien's insurance carrier considered the conclusions in the report as a decision or determination, noting that the courts have held that a letter from an agency may qualify as an adjudication and that the incident report in this case qualifies as such. In *Wortman v. Philadelphia Comm'n on Human Relations,* 139 Pa.Commonwealth Ct. 616, 591 A.2d 331 (1991), this Court held that under 2 Pa.C.S. § 101, when an agency's decision or refusal to act leaves a complainant with no other forum in which to assert his or her rights, privileges, or immunities, the agency's act is an adjudi-

cation. *See also Elliott v. City of Pittsburgh,* 162 Pa.Commonwealth Ct. 180, 638 A.2d 413 (1994). A letter from an agency may qualify as an adjudication so long as the letter is the agency's final order, decree, decision, determination, or ruling, and such decision impacts on a person's personal or property rights, privileges, immunities, duties, liabilities, or obligations. *Wortman.*

In the present matter, the incident report was merely an internal preliminary assessment of the accident in which O'Brien was involved and clearly does not rise to the level of a final decision. Moreover, as noted by the trial court, there was no adversarial relationship surrounding the issuance of the incident report, and no proceedings were held in this matter pursuant to 2 Pa.C.S. § 553, which requires that no adjudication shall be valid unless the party was afforded reasonable notice of a hearing and an opportunity to be heard.

Although Pennsylvania courts have not specifically addressed whether a police incident report may be considered an adjudication, several cases addressing whether letters can be considered adjudications are instructive in coming to the conclusion that the incident report sub judice is not a final order or decision of an agency. In *Baker v. Pennsylvania Human Relations Comm'n,* 507 Pa. 325, 489 A.2d 1354 (1985), the Supreme Court held that a PHRC order that a complaint lacked probable cause for further agency action is not an adjudication; in *Guthrie v. Borough of Wilkinsburg,* 505 Pa. 249, 478 A.2d 1279 (1984), the Court held that letters of warning issued to police officers constituted a final decision, determination, or ruling where the letters embodied a borough council's collective decision made after public hearings and formal inquiry, and council voted on the issue and announced its final action on the matter; in *City Council of Pittsburgh v. City of Pittsburgh,* 155 Pa.Commonwealth Ct. 328, 625 A.2d 138 (1993), a planning commission's advice to the city regarding certain planning concerns was neither an action nor inaction from which the city council had the right to appeal and was not an adjudication; and in *Benson Lincoln Mercury, Inc. v. Department of Transportation,* 145 Pa.Commonwealth Ct.

342

159, 602 A.2d 496 (1992), DOT's issuance of warning letters for auto dealers' first violations of a regulation did not affect the dealers' rights and thus did not constitute an adjudication.[1]

Accordingly, in view of case precedent interpreting what action constitutes an adjudication under the Local Agency Law, this Court must affirm the trial court's order.

## ORDER

AND NOW, this 29th day of July, 1994, the order of the Court of Common Pleas of Northumberland County is affirmed.

---

1. *See also Sandy Creek Forest, Inc. v. Department of Environmental Resources,* 95 Pa.Commonwealth Ct. 457, 505 A.2d 1091 (1986) (a letter from DER informing a party that DER would be unable to make a determination regarding certain sewage permits until the party submitted required information was not a final action or adjudication and was therefore not appealable); *Kerr v. Department of State,* 35 Pa.Commonwealth Ct. 330, 385 A.2d 1038 (1978) (letter rejecting request to do business under fictitious name was not a final directive and therefore not a final adjudication); and *Standard Lime & Refractories Co. v. Department of Environmental Resources,* 2 Pa.Commonwealth Ct. 434, 279 A.2d 383 (1971) (letter which only notified a company of its failure to comply with a timetable and that its case was being referred to DER counsel for further action was not an adjudication).