Tina L. DIXON, Appellant,

v.

CAMERON COUNTY SCHOOL DISTRICT.

Commonwealth Court of Pennsylvania.

Argued April 10, 2002.
Decided June 28, 2002.

Christopher E. Mohney, DuBois, for appellant.

Mark S. Jacob, St. Marys, for appellee.

BEFORE: SMITH–RIBNER, J., LEAVITT, J., and FLAHERTY, Senior Judge.

OPINION BY Judge LEAVITT.

This is an appeal from an order of the Court of Common Pleas of the 59th Judicial District (Cameron County Branch) sustaining preliminary objections in the nature of a demurrer to a Complaint filed by Tina L. Dixon (Dixon) seeking to have the Cameron County School District (District) reimburse her for legal fees and costs she incurred in defending her right to hold public office. We affirm the trial court.

Dixon was serving as a Director of the Cameron County School Board (Board) when she became the defendant in two *quo warranto* actions.[1] Those lawsuits chal-

---

1. The complaints were styled declaratory judgment actions; they sought to have Dix-

lenged Dixon's authority to serve as Director of the Board after she moved outside the region in the District from which she was elected. A fellow Director, Paul J. Malizia (Malizia), filed the first lawsuit on January 19, 2001. E.W. Tompkins (Tompkins), in his capacity as the Cameron County District Attorney, filed the second lawsuit on February 12, 2001; Tompkins is also the Solicitor for the District. On March 7, 2001 both suits were withdrawn when Dixon presented evidence that she had moved back into the region from which she had been elected, rendering moot a substantial number of motions and objections before the trial court on the *quo warranto* actions.

While Dixon's ability to serve was still in litigation, her counsel sent a letter to the District on February 12, 2001.[2] This letter advised the District that Dixon had hired counsel to defend against the suit filed by Malizia; that she was aware of Tompkins's intention to file a separate suit; and that she would present the costs of her defense to the District for payment under 42 Pa.

C.S. § 8501, *et seq.* Dixon's counsel further informed the District that his letter was to serve as formal notice of her claim for indemnification by the District. Failing to receive a positive response, Dixon filed suit against the District on May 22, 2001, seeking payment of $2950 as reimbursement for her costs incurred in the defense of the *quo warranto* actions.

■ The District filed preliminary objections to Dixon's Complaint on June 20, 2001, raising both lack of specificity and failure to state a claim upon which relief may be granted. Because the District's preliminary objections were in the nature of a demurrer, the trial court accepted all well-pled facts in the Complaint as true. The trial court sustained the District's preliminary objections and dismissed Dixon's complaint by order of court dated September 13, 2001 (Order). Dixon appeals from that Order.[3]

■ Dixon's Complaint was based upon Section 8547 of the Judicial Code,[4] popu-

---

on's seat on the Board declared vacant.

2. See n.7 *infra.*

3. The Commonwealth Court's standard of review over an order of the trial court sustaining preliminary objections in the nature of a demurrer is limited to determining whether the trial court abused its discretion or committed an error of law. *O'Brien v. Township of Ralpho,* 166 Pa.Cmwlth. 337, 646 A.2d 663 (1994). In ruling upon preliminary objections, the court must accept as true all well-pled allegations of material fact. *Success Against All Odds v. Department of Public Welfare,* 700 A.2d 1340 (Pa.Cmwlth.1997). A demurrer should be sustained only in cases that are free from doubt and only when it appears with certainty that the law permits no recovery under the allegations made. *Kee v. Pennsylvania Turnpike Commission,* 685 A.2d 1054 (Pa.Cmwlth.1996), *aff'd,* 548 Pa. 550, 699 A.2d 721 (1997).

4. It states:

(a) **Mandatory provision of legal assistance generally.**—When an action is brought against an employee of a local agency for damages on account of an injury to a person or property, and it is alleged that the act of the employee which gave rise to the claim was within the scope of the office or duties of the employee, the local agency shall, upon the written request of the employee, defend the action, unless or until there is a judicial determination that such act was not within the scope of the office or duties of the employee.

(b) **Optional provision of legal assistance generally.**—When an action is brought against an employee of a local agency for damages on account of an injury to a person or property, and it is not alleged that the act of the employee which gave rise to the claim was within the scope of his office or duties, the local agency may, upon written request of the employee, defend the action, and such undertaking to defend thereafter may be withdrawn only with the approval of the court. If the local agency

larly known as the Political Subdivision Tort Claims Act (the Act). The case law establishes that a school district board is a local agency[5] and a school board director is an employee of a local agency.[6] Under the Act, employees of a local agency are entitled to mandatory provision of legal services where the employee becomes the defendant in a law suit governed by the Act. The mandate to provide legal services, however, is subject to certain essential prerequisites. First, the employee must be sued for damages on account of an injury to a person or property, and, second, a written request to the local agency to defend the action must be made by the employee.

■ The trial court sustained the District's preliminary objections based upon Dixon's failure to meet the second prerequisite; it found that Dixon did not make a written request of the District, her employer under the Act, to defend the action.[7] The trial court found that the letter presented a demand, not a request.[8] Further, Dixon's action usurped the District's rights with respect to her defense. Section 8547 contemplates that the employer will have the option to choose counsel for the employee's defense and that the employer will have control[9] of the litigation. Here, Dix-

has refused a written request to defend the action, and it is judicially determined that the act was, or that the employee in good faith reasonably believed that such act was, within the scope of the office or duties of the employee and did not constitute a crime, actual fraud, actual malice or willful misconduct, the local agency shall reimburse the employee for the expenses of his legal defense in such amounts as shall be determined to be reasonable by the court. 42 Pa.C.S. § 8547(a) and (b).

5. *Monaghan v. Board of School Directors*, 152 Pa.Cmwlth. 348, 618 A.2d 1239 (1992).

6. *Malia v. Monchak*, 116 Pa.Cmwlth. 484, 543 A.2d 184 (1988).

7. The letter to the Superintendent of the District dated February 12, 2001 first introduces Dixon's counsel as the attorney representing Dixon in the suit filed by Malizia, and then reads, in pertinent parts, as follows:

Last Friday, February 9, 2001, the School Board Solicitor, Edwin Tommy Tompkins, III, Esquire, contacted me by telephone to indicate that he was bringing another action in quo warranto against Mrs. Dixon. Apparently, this will be brought in his capacity as District Attorney for Cameron County.

Please accept this as notice to the School District that pursuant to the Political Subdivision Tort Claims Act, 42 Pa.C.S.A. Section 8501, et sequitur, that we will be presenting the costs and fees for Mrs. Dixon's defense to the School District for payment. Mrs. Dixon is being sued in her official capacity as a School Board Director, and pursuant to the Act, mandatory provision of legal assistance is incumbent upon the District. Further, please consider this as notice for claim of Mrs. Dixon under the Act, including but not limited to, indemnification by the School District.

The School Board unfortunately cannot refer representation of the interests of Mrs. Dixon to its Solicitor. Attorney Tompkins has a conflict of interest, especially since he is filing a separate lawsuit from Mr. Malizia's seeking to have Mrs. Dixon's seat declared vacant.

... I would gratefully appreciate it if you could kindly notify the Board of the aforementioned notices.

R.R. 8a–9a.

8. The trial court notes in its opinion that no written request to defend the action was made as to Tompkin's [sic] lawsuit. R.R. 24a. The court seems to be asserting that separate letters would be required for each suit. The letter of February 12, 2001, makes reference to both suits and it is reasonable to allow that the same demand is being made by Dixon for both suits. However, the demand is for payment of legal fees, and does not afford the District the opportunity to provide counsel of their choosing for Dixon.

9. Section 8547(c) of the Act states:

(c) **Control of litigation.**—When, pursuant to subsection (a) or subsection (b), the local agency defends an action against an employee thereof at the request of the employ-

on engaged counsel prior to advising the District of her claim for defense costs and without giving the District the opportunity to address her claims. This does not comply with the Act. There is simply no statutory provision for an employee to make demand for payment of fees for litigation *after* the fees have been incurred and before the employee requests a defense from the employer.

█ We agree with the trial court that Dixon failed to comply with the notice requirements of the Act and that this failure is fatal to her Complaint. There exists a separate legal basis for affirming the trial court's Order, which is of greater consequence than Dixon's failure to satisfy the technical notice requirements in Section 8547. Dixon has failed to assert any statutory or common law basis for her claim against the District. The mandatory provision for legal services to an employee of a local agency applies only to a defense of a lawsuit arising from negligent acts; this is the controlling, and limiting, legislative context for defense and indemnification under the Act.

█ The Act was enacted to restore, within specific exceptions, the doctrine of sovereign immunity abolished by the Pennsylvania Supreme Court in *Mayle v. Department of Highways*, 479 Pa. 384, 388

A.2d 709 (1978). The Act insulates both the Commonwealth and its political subdivisions from liability by establishing sovereign, governmental, and official immunity,[10] and by defining the exceptions to that immunity in strict and narrow terms. *Thomas v. City of Philadelphia*, 668 A.2d 292 (Pa.Cmwlth.1995). Official immunity[11] is an important part of the statutory scheme because it prevents fear of personal liability from interfering with the performance of the duties of public officials. *Kuzel v. Krause*, 658 A.2d 856 (Pa.Cmwlth. 1995).

█ Dixon tried to connect her claim to official immunity. Her Complaint averred that she was acting within the scope of her officer [sic] duties as a School Board member at the time the *quo warranto* suits were filed. (R.R. 4a), but she did not plead that she was liable for civil damages on account of an injury she has caused to a person or property.[12] A *quo warranto* action ascertains the right of a defendant to exercise the power of the office in dispute. *Rogers v. Lewis*, 540 Pa. 299, 656 A.2d 1368 (1995). In this case, *quo warranto* actions were filed to determine the right of the incumbent, Dixon, to hold office. Such actions do not seek damages; the remedy sought is ouster of the official named as defendant in the suit. Pa. R.C.P. No. 1111–1114; 18 STANDARD PENN-

---

ee, it may assume exclusive control of the defense of the employee, keeping him advised with respect thereto, and the employee shall cooperate fully with the defense, except that in situations where the legal counsel provided by the local agency determines that the interests of the employee and the local agency conflict, the local agency shall obtain the express written consent of the employee for such interested representation or shall supply independent representation.

42 Pa.C.S. § 8547(c)

**10.** The statute provides official immunity to protect municipal employees from liability for

their negligent acts. 42 Pa.C.S. § 8546; *Borenstein v. City of Philadelphia*, 595 F.Supp. 853 (E.D.Pa.1984).

**11.** Official immunity may be asserted by the employee on her own behalf or by the local agency

In any action brought against an employee ... for damages on account of an injury to a person or property based upon claims arising from ... the performance of the duties of the employee.

42 Pa.C.S. § 8546.

**12.** *See* 42 Pa.C.S. §§ 8545, 8546.

SYLVANIA PRACTICE 2D *Quo Warranto* ch. 101 (1997); *Spykerman v. Levy,* 491 Pa. 470, 485, 421 A.2d 641, 649 (1980) (wherein the scope and purpose of *quo warranto* in Pennsylvania is summarized).

■ The Act does not provide a distinct cause of action for legal fees incurred in defense of a non-tortious suit.[13] The legislative intent is to address situations where the Commonwealth, its political subdivisions, and the officials of state and local agencies, are subjected to payment of damages under a tort claim. The Act does not permit Dixon to recover attorney fees and costs expended in defending her right to serve on the Board.

Dixon's Complaint extends the reach of the Act beyond its stated objective. The trial court correctly applied the law and did not abuse its discretion in sustaining the preliminary objections to Dixon's Complaint. The Complaint is legally insufficient to state a cause of action upon which relief could be granted.

Accordingly, we affirm the Order of the trial court dismissing Dixon's Complaint.

### ORDER

AND NOW, this 28th day of June, 2002, the order of September 13, 2001, entered by the Court of Common Pleas of the 59th Judicial District (Cameron County Branch) in the above-captioned matter is hereby affirmed.

**13.** This is illustrated by a closer look at just one provision of the Act. Section 8547(c) states that the District may assume exclusive control of the defense of her suit. Such control would only be appropriate where the actions of the employee place the employer at risk for payment of damages and where the employee may assert the defense of official immunity. Where an official is defending against a challenge to her right to sit on the Board brought by the local District Attorney, Tompkins, at the request of another Director, it would be an absurd result to allow the District to control the litigation.