Earl B. LAMAR, Appellant,

v.

### SCHOOL DISTRICT OF PITTSBURGH.

Commonwealth Court of Pennsylvania.

Argued Oct. 7, 2003.

Decided Nov. 3, 2003.

Reargument En Banc Denied Dec. 29, 2003.

---

Eugene A. Lincoln, Pittsburgh, for appellant.

Todd P. Prugar, Pittsburgh, for appellee.

Before: PELLEGRINI, Judge, COHN, Judge, and JIULIANTE, Senior Judge.

OPINION BY Senior Judge JIULIANTE.

Earl Lamar (Lamar) appeals from the April 15, 2003 order of the Court of Common Pleas of Allegheny County (trial court) that granted the motion for judgment on the pleadings filed by the School District of Pittsburgh (School District) and denied Lamar's cross-motion for judgment on the pleadings. We affirm.

Lamar is employed as the principal of McNaugher Education Center, which is located within the School District. In 1999, a female associate (Complainant) accused Lamar of sexually harassing her. The School District suspended Lamar

pending an investigation into Complainant's claim and, upon conclusion of that investigation, the School District's Superintendent recommended that Lamar be dismissed from his position. After an administrative disciplinary hearing,[1] however, the School District's Board of Directors found in favor of Lamar. Accordingly, Lamar was reinstated to his position as principal with full back pay for the period in which he was suspended without pay. At the administrative disciplinary hearing, Lamar was represented by Attorney Eugene Lincoln.

Thereafter, on March 24, 2000, Complainant filed a federal civil lawsuit in the Western District of Pennsylvania against the School District and Lamar alleging that Lamar sexually harassed her. Although the School District employed Attorney Anthony Sanchez to defend against the civil suit, Lamar once again was represented by Attorney Lincoln. Notwithstanding, there were indications that both Attorneys Sanchez and Lincoln filed pleadings on behalf of Lamar.

Complainant and the School District ultimately settled the federal civil lawsuit. Releases were executed by Complainant and the School District. Under the terms of settlement, Lamar was *not* required to make any payment to Complainant.

On October 29, 2002, Lamar filed a complaint with the trial court seeking reimbursement of attorney's fees incurred in defending against the administrative disciplinary hearing before the School District's

Board of Directors and the federal civil lawsuit filed by Complainant. Lamar's causes of action sought to invoke Sections 8541–8564 of the Judicial Code (Code).[2]

The School District filed preliminary objections to Lamar's complaint. The preliminary objections sought dismissal of the complaint by asserting that Lamar failed to state a cause of action where (1) the School District supplied Lamar with a defense in the federal civil lawsuit, (2) no damages were assessed against Lamar in the administrative disciplinary hearing or the federal lawsuit, (3) Lamar did not request the School District to provide him with a defense in writing, as required by Section 8547 of the Code, 42 Pa.C.S. § 8547, and (4), the School District was only required to provide Lamar with a defense for actions grounded in negligence; however, the allegations of sexual harassment were based on intentional and willful misconduct.

▮ Lamar filed preliminary objections to the School District's preliminary objections. By order dated January 16, 2003, the trial court overruled both sets of preliminary objections. Shortly thereafter, both parties filed motions for judgment on the pleadings. The trial court granted the School District's motion, denied Lamar's motion, and dismissed the complaint with prejudice. This appeal followed.[3]

▮ Because Lamar insists that his case is governed by Section 8548(a) of the Code, 42 Pa.C.S. § 8548(a), we will address that argument first. Section 8548(a) provides:

---

1. Section 1122 of the Public School Code of 1949, Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §§ 11–1122, provides that an employee may be terminated for, *inter alia*, immorality, incompetency, intemperance, cruelty, persistent negligence and mental derangement. Where a full-time teacher is suspended from a position in which he has a property interest, he is entitled to due process. *Cf. Kinniry v. Abington Sch. Dist.*, 673 A.2d 429 (Pa.Cmwlth.1996) (minimum due

process requirements demand that a litigant have, at some stage of the proceeding, a hearing before an impartial factfinder).

2. 42 Pa.C.S. §§ 8541–8564, commonly referred to as the *Political Subdivision Tort Claims Act.*

3. When reviewing a trial court's decision to grant a motion for judgment on the pleadings, we must confine our consideration to the

·(a) **Indemnity by local agency generally.**—When an action is brought against an employee of a local agency for damages on account of an injury to a person or property, and he has given timely prior written notice to the local agency, and it is *judicially determined* that an act of the employee caused the injury and such act was, or that the employee in good faith reasonably believed that such act was, within the scope of his office or duties, the local agency shall indemnify the employee for the payment of any *judgment* of the suit. (Emphasis added.)

In support of his position, Lamar directs our attention to *Wiehagen v. Borough of N. Braddock,* 527 Pa. 517, 594 A.2d 303 (1991). In that case, Wiehagen was employed as a borough police officer when he arrested Arthur Isles for public intoxication. While Wiehagen was removing Isles' belt, Isles attempted to strike Wiehagen, whereupon Wiehagen knocked Isles to the floor. Isles filed a civil rights action against the Borough of North Braddock (Borough) and Wiehagen.

The matter was partially concluded by summary judgment in favor of the Borough on the basis that Wiehagen's actions did not constitute approved or official state or local action. As against Wiehagen, a jury returned a verdict in favor of Isles in the amount of $7,500. In addition, the federal court ordered Wiehagen to reimburse Isles attorney's fees, costs and expenses. The total judgment entered in favor of Isles and against Wiehagen was $21,110.58.

Thereafter, Wiehagen filed suit seeking indemnification from the Borough pursuant to Section 8548(a) of the Code. Although the court of common pleas found that Wiehagen was entitled to indemnification, the court limited indemnification to the compensatory award of $7,500.

In affirming this Court's decision reversing the court of common pleas, the Supreme Court noted that Section 8548 clearly and unambiguously provides that a local agency shall indemnify an employee for *any judgment* rendered against an employee acting within the scope of his employment, regardless of whether that judgment resulted from a state or federal cause of action. The Supreme Court then went on to address whether attorney's fees, costs and expenses were to be included in the term "indemnification."

In concluding that Section 8548(a) entitled an employee to indemnification of attorney's fees, costs and expenses, the Supreme Court noted that under Section 8547 of the Code, 42 Pa.C.S. § 8547, the local agency was required to provide an employee with a defense or reimburse the employee for reasonable expenses incurred in defending an action. By the terms of Section 8547, the employee is not liable for any expenses or attorney's fees incurred in defending an action. The Supreme Court thus reasoned that since the Legislature provided for legal assistance to the employee and shielded the employee from payment of any judgment entered, reasonable attorney's fees, costs and expenses that were reduced to judgment had to be indemnified.

The central flaw in Lamar's application of *Wiehagen* to the instant matter is that in the federal lawsuit by Complainant, it was not "judicially determined" that La-

---

pleadings filed, accepting as true all well-pleaded statements of fact, admissions and any other documents properly attached to the pleadings presented by the party against whom judgment is sought. *Glover v. Southeastern Pennsylvania Transp. Auth.,* 794 A.2d

410 (Pa.Cmwlth.2002). Judgment on the pleadings should only be sustained where the movant's right to succeed is certain and the case is so free from doubt that a trial would be a fruitless exercise. *Id.*

mar's actions caused injury to Complainant. The lawsuit was disposed by way of settlement, the terms of which are not pleaded in his complaint. Thus, Lamar did not allege in his complaint that he was judicially determined to be liable for Complainant's injuries. Moreover, and perhaps more importantly, no judgment was entered against Lamar in that lawsuit. The settlement reached between Complainant and the School District limited payment of the settlement by School District and did not include Lamar. Lamar made no payment to Complainant. Thus, there is nothing for which Lamar is entitled to be indemnified. Under *Wiehagen,* attorney's fees, costs and expenses are payable when they are part of the *judgment* entered against a local agency employee. Because there was no judgment entered against Lamar, Section 8548 of the Code is simply inapplicable to his claim for reimbursement [4] of attorney's fees.[5]

■ Although Lamar denies that Section 8547 of the Code is applicable to the instant action, the trial court granted the School District's motion for judgment on the pleadings inasmuch as Lamar failed to comply with the requirements of this Section. Section 8547(a) appears as follows:

(a) **Mandatory provision of legal assistance generally.**—When an action is

brought against an employee of a local agency for damages on account of an injury to a person or property, and it is alleged that the act of the employee which gave rise to the claim was within the scope of the office or duties of the employee, the local agency shall, upon the written request of the employee, defend the action, unless or until there is a judicial determination that such act was not within the scope of the office or duties of the employee.

42 Pa.C.S. § 8547(a).

In arguing that Section 8547(a) of the Code is inapplicable, Lamar contends that (1) although the trial court concluded that Attorney Sanchez represented Lamar in the federal civil lawsuit, the School District did not make an offer of representation, he did not reject any such offer, and he was without knowledge of Attorney Sanchez's actions on his behalf; (2) a conflict of interest existed in Attorney Sanchez's representation of Lamar, if it occurred; and (3) at the very least, the appearance of impropriety existed where the School District attempted to remove Lamar from his position and later allegedly provided him with representation against the federal civil lawsuit.

Regardless of Lamar's allegations, we must agree with the trial court and the

---

4. Lamar engages in a semantics battle, contending that he is not seeking "reimbursement" of attorney's fees, but rather "indemnification." Indemnification is defined as "[t]he action of compensating for loss or damage sustained." BLACK'S LAW DICTIONARY 772 (7th Ed.1999). The term "indemnity" is defined as:

1. A duty to make good any loss, damage, or liability incurred by another. 2. The right of an injured party to claim *reimbursement* for its loss, damage, or liability from a person who has such a duty. 3. *Reimbursement* or compensation for loss, damage, or liability in tort; [especially], the right of a party who is secondarily liable to recover

from the party who is primarily liable for *reimbursement* of expenditures paid to a third party for injuries resulting from a violation of a common-law duty. (Emphasis added.)
*Id.*

5. Section 8548 is likewise inapplicable to Lamar's request for reimbursement of attorney's fees that he incurred as a result of the administrative disciplinary hearing. Section 8548 is implicated where there is an action for damages, which was not the nature of the administrative disciplinary hearing. Similarly, there was no judgment entered against Lamar determining that his actions caused damages to another.

School District that *Dixon v. Cameron County Sch. Dist.*, 802 A.2d 696 (Pa. Cmwlth.2002) is controlling. Dixon was serving as a director of the Cameron County School District when she became the defendant in two *quo warranto* actions challenging her eligibility to serve on the board after she moved outside the region of the school district from which she was elected.

While the matters were pending, Dixon's counsel sent a letter to the school district advising it that Dixon had hired counsel to defend the lawsuits and that she would present the costs for her representation to the school district under the Code. The letter also served to inform the school district of Dixon's claim for indemnification.

Thereafter, the two *quo warranto* actions were withdrawn after Dixon presented evidence that she had moved back into the region of the school district from which she was elected. Dixon then filed suit against the school district seeking payment of $2,950 as reimbursement for her costs incurred in defending the *quo warranto* actions.

The school district filed preliminary objections raising both lack of specificity and failure to state a claim upon which relief could be granted. The common pleas court granted the preliminary objections and Dixon appealed.

In reviewing Section 8547 of the Code, we noted that employees of local agencies are entitled to mandatory provision of legal services where the employee becomes the defendant in a lawsuit governed by the Code, subject to certain prerequisites. First, the employee must be sued for damages on account of an injury to a person or property and, second, the employee must make a written request to the local agency to defend the action on the employee's behalf.

In *Dixon*, the common pleas court sustained the school district's preliminary objections because Dixon failed to allege that she had made a written request to the school district for legal representation. In the present matter, Lamar likewise failed to allege in his complaint against the School District that he made a written request for representation in defense of the federal civil lawsuit.

Notwithstanding, Lamar further claims that because Attorney Sanchez's representation of him in the federal civil lawsuit would have been a conflict of interest, he was entitled to hire separate counsel and seek indemnification from the School District. As we noted in *Dixon*, however, the local agency employee cannot usurp the local agency's rights with respect to the employee's defense.

Specifically, Section 8547(c) of the Code, 42 Pa.C.S. § 8547(c), provides that where the local agency defends an action against a local agency employee, the local agency assumes exclusive control of the defense of the employee and the employee must cooperate fully with the defense. If legal counsel provided by the local agency determines that the interests of the local agency and the employee are in conflict, the local agency must obtain permission from the employee for continued representation or supply independent representation. *Id.*

Thus, even assuming that Lamar had made a written request for representation pursuant to Section 8547(a) of the Code, Attorney Sanchez, who represented the School District, had the sole discretion in determining whether his representation of both the School District and Lamar would result in a conflict of interest. Lamar engaged Attorney Lincoln without allowing the School District to provide him with a defense under Section 8547. This was in violation of the Code. As we stated in *Dixon*, "[t]here is simply no statutory provision for an employee to make demand for payment of fees for litigation *after* the fees have been incurred and before the employee requests a defense from the employer." *Dixon*, 802 A.2d at 700.

■ Accordingly, because Lamar is not entitled to indemnification under Section 8548 of the Code and because he did not make a written request for representation as required by Section 8547(a) of the Code, we conclude that the trail court did not err in granting the School District's motion for judgment on the pleadings. The order of the trial court is affirmed.[6]

### ORDER

AND NOW, this 3rd day of November, 2003, the April 15, 2003 order of the Court of Commomn Pleas of Allegheny County is AFFIRMED.

---

**6.** In his brief to this Court, Lamar sets forth 20 statements that he considers to be mixed questions of law and fact, which would preclude entry of judgment on the pleadings in favor of the School District. When reviewing the trial court's decision to grant a motion for judgment on the pleadings, we are limited to reviewing the pleadings and determining whether the law as applied to the pleadings clearly entitles the movant to judgment. *Glover*. As Lamar's complaint against the School District was grounded in the Code and we agree with the trial court that the Code does not permit recovery in this case, Lamar's allegation of outstanding questions of fact and law is without merit.