IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Ronald P. Harper, Jr., | : | |
| Appellant | : | |
| | : | |
| v. | : | No. 1306 C.D. 2024 |
| | : | Submitted: December 8, 2025 |
| Lancaster County Commissioners | : | |
| Ray D'Agostino, Josh Parsons, | : | |
| John Trescott; County Solicitor | : | |
| Jackie Pfursic; and County Sheriff | : | |
| Chris Leppler | : | |

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
HONORABLE MICHAEL H. WOJCIK, Judge (P.)
HONORABLE MARY HANNAH LEAVITT, Senior Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY SENIOR JUDGE LEAVITT                    FILED:  February 17, 2026

Ronald P. Harper, Jr. (Harper), *pro se*, appeals two orders of the Court of Common Pleas of Lancaster County (trial court).  The first order of February 1, 2024, sustained preliminary objections to almost all the counts in Harper's amended complaint and dismissed County Solicitor Jackie Pfursic (Solicitor) and County Sheriff Chris Leppler (Sheriff) as defendants.  The second order of August 23, 2024, granted the motion for a non-suit filed by the Lancaster County Board of Commissioners Ray D'Agostino, Josh Parsons, and John Trescott (Commissioners) after Harper presented his evidence on the counts remaining in the amended complaint.  On appeal, Harper asserts that the trial court erred in its construction of certain provisions of the Sunshine Act (the "Sunshine Act" or "Act").[1]  However,

---

[1] 65 Pa. C.S. §§701-716.

because the trial court's August 29, 2024, order was not a final order, the appeal is premature and, as such, must be quashed.

On June 29, 2022, Harper, who describes himself as "Lancaster's foremost muckraker," attended a public meeting of the Commissioners, where he spoke for approximately 12 minutes about the Solicitor's political activities during her tenure as Lancaster County's Clerk of Courts. Harper Brief at 5. The minutes of that meeting, approved by the Commissioners on July 6, 2022, state that "Mr. Harper, Lancaster County Resident, was present to make a statement before the commissioners." Trial Court Op., 2/1/2024, at 2 (quoting Amended Complaint ¶6). On May 10, 2023, nearly a year later, Harper attended another meeting of the Commissioners, where he challenged the approved minutes from the June 29, 2022, meeting as incomplete because the substance of his comments about the Solicitor were not recorded, as required by Section 706(4) of the Sunshine Act. 65 Pa. C.S. §706(4) ("The minutes shall include: . . . The names of all citizens who appeared officially and the subject of their testimony."). Chairman D'Agostino informed Harper that the Board was going to follow the meeting agenda, but Harper continued to insist upon his right to object to the June 29, 2022, meeting minutes *at that time*. The Solicitor told Harper that he could raise his concerns during the public comment portion of the hearing or submit them in writing for consideration. Harper maintained that he had a right to object to the minutes of June 29, 2022, when he did. Thereafter, Chairman D'Agostino found Harper out of order, and Harper returned to his seat.

Subsequently, Harper left the meeting to use the restroom. At that point, he was approached by sheriff deputies. They informed him that he was not permitted

2

to return to the meeting or retrieve his belongings. They escorted him to the elevator under threat of arrest for trespass.

After the May 10, 2023, meeting, the Commissioners amended the minutes from the June 29, 2022, meeting to read "Mr[.] Harper, Lancaster County Resident, was present to discuss the county solicitor and documents found on county drive." Trial Court Op., 2/1/2024, at 4 (quoting Amended Complaint ¶50). Then, at its next meeting of May 24, 2023, the Commissioners approved the minutes of the May 10, 2023, meeting and the amended minutes for June 29, 2022. The minutes of the May 10, 2023, meeting stated that "Mr. Ron Harper, Lancaster County Resident, interrupted the meeting and raised an objection about how the minutes were done in the past." Trial Court Op., 2/1/2024, at 4 (quoting Amended Complaint ¶47).

On June 9, 2023, Harper, *pro se*, filed a seven-count civil complaint alleging multiple violations of the Sunshine Act. The Commissioners filed preliminary objections, which the trial court sustained in part and overruled in part. On November 13, 2023, Harper filed an amended complaint with six counts.

Count One alleged that on May 10, 2023, Harper attended a public meeting of the Board. When the meeting turned to the minutes listed on the agenda, Harper interrupted to object to the minutes of the June 29, 2022, meeting. By cutting off his objections, the Commissioners violated the Sunshine Act, which allows him to object "at **any** **time**." Amended Complaint ¶¶10-11 (emphasis in original). *See also* 65 Pa. C.S. §710.1(c) ("Any person has the right to raise an objection at any time to a perceived violation of this chapter at any meeting of a board or council of a political subdivision or an authority created by a political subdivision.").

Count Two alleged that the Commissioners denied Harper the opportunity to attend the meeting of May 10, 2023, by directing sheriff deputies to

remove him even though he is known as "an investigative reporter and a good government advocate." Amended Complaint ¶33. Further, while speaking, Harper was approached from behind by Deputy Sheriff Andy Lan, who was armed, and this "triggered" his post-traumatic stress disorder. *Id.* ¶36. After using the restroom, Harper was ordered to leave the meeting without an opportunity to retrieve his belongings.

Count Three alleged that, at the meeting of May 24, 2023, Chairman D'Agostino announced: "With respect to minutes we have approval of the May 10, 2023[,] commissioner[s'] meeting minutes and approval of the amended June 29, 2022[,] commissioner[s'] meeting minutes." Amended Complaint ¶45. This action violated the Sunshine Act by failing to follow parliamentary procedures outlined in Robert's Rules of Order. Specifically, the Commissioners did not acknowledge that the minutes of the June 29, 2022, meeting violated the Sunshine Act, and there was neither a discussion nor a vote on the amended minutes.

Count Four alleged that, at the meeting of May 10, 2023, Harper was bullied by the Commissioners and the Solicitor when he raised the Sunshine Act violation. The minutes for that meeting state that "Mr. Ron Harper, Lancaster County Resident, interrupted the meeting and raised an objection about how the minutes were done in the past[,]" which besmirched "his reputation by falsely characterizing his rightful" Sunshine Act comment as an interruption. Amended Complaint ¶47. Further damage to his reputation was caused by his removal from the meeting by the deputies.

Count Five alleged that the amended minutes of the June 29, 2022, meeting continue to violate the Sunshine Act. They state that "Mr[.] Harper, Lancaster County Resident, was present to discuss the county solicitor and

4

documents found on county drive." Amended Complaint ¶50. However, they do not set forth the substance of his comments and were made without an official record.

Count Six alleged that the Commissioners and the Solicitor censor citizens who appear at meetings by not recording the substance of their comments, as required under Section 706(4) of the Sunshine Act. The complaint cited examples, which included, *inter alia*, that on January 11, 2022, "Mr. Saint, a pastor in Lancaster County, addressed the board[;]" on January 18, 2023, "Pastor Saint addressed the Board[;]" and on March 1, 2023, "Mr. Saint had comments for the board." Amended Complaint, Exhibit C.

The amended complaint requested, *inter alia*, that the Commissioners be ordered to undergo Sunshine Act training; that the Sheriff be ordered to train staff on the Sunshine Act; and that the Commissioners, the Solicitor, and the Sheriff be fined the maximum amount permitted by law.

On December 4, 2023, the Commissioners and the Solicitor filed preliminary objections to the amended complaint, asserting that it failed to state a claim upon which relief could be granted. On December 13, 2023, the Sheriff separately filed preliminary objections, asserting that the alleged violations of the Sunshine Act did not pertain to him because he did not call the meeting, attend the meeting, or participate in the meeting in any manner.

On February 1, 2024, the trial court issued an order that sustained the preliminary objections in the nature of a demurrer to Counts One, Three, Four and Five and dismissed those counts. It overruled the preliminary objection to Count Two. It sustained the preliminary objection to Count Six to the extent it related to the minutes of the meetings of April 26, 2023, May 3, 2023, and May 24, 2023. It sustained the Sheriff's preliminary objections to all counts and dismissed the Sheriff

5

and the Solicitor as defendants.  Denying Harper leave to further amend his complaint, the trial court directed the Commissioners to file an answer to Counts Two and Six of the amended complaint.

In their answer, the Commissioners denied directing the sheriff deputies to remove Harper from the meeting of May 10, 2023.  The Commissioners alleged that "a concerned staff member alerted the Sheriff on her own initiative and without request" by any Commissioner.  Commissioners Answer ¶43.  Further, Chairman D'Agostino "did not push the panic alarm." *Id.*

On August 23, 2024, the trial court conducted a bench trial, at which Harper presented only his testimony.  Following the Commissioners' motion for non-suit, the trial court found Harper did not present sufficient evidence to establish that the Commissioners removed him from the May 10, 2023, meeting.  As to Count Six, the trial court ruled in Harper's favor, holding that the Commissioners failed to comply with the requirements of Section 706(4) of the Sunshine Act when recording the meeting minutes.  The trial court directed the Commissioners to amend the minutes to record the residents' first names and state the subject of their comments.  On September 30, 2024,[2] Harper appealed.

On appeal,[3] Harper raises eight issues:

1. [The trial court] erred by not using authority in §715 of the Sunshine Act ". . . the courts of common pleas . . . render

---

[2] The trial court's August 23, 2024, order was not docketed until August 30, 2024.

[3] Our Court's review of a trial court's order "sustaining preliminary objections in the nature of a demurrer is limited to determining whether the trial court abused its discretion or committed an error of law." *Dixon v. Cameron County School District*, 802 A.2d 696, 698 n.3 (Pa. Cmwlth. 2002).  "In ruling upon preliminary objections, the court must accept as true all well-pled allegations of material fact." *Id.*  "A demurrer should be sustained only in cases that are free from doubt and only when it appears with certainty that the law permits no recovery under the allegations made." *Id.*

6

declaratory judgments or to enforce this chapter by injunction or other remedy deemed approptranriate [sic] by the court."

2. [The trial court] erred by not applying the law as stated and codified, §706(4) "The names of all citizens who appeared officially and the subject of their testimony."

3. [The trial court] erred by not recognizing §710.1(b) "Any person has the right to raise an objection at any time to a perceived violation of this chapter at any meeting of a board[.]"

4. [The trial court] erred in not adhering to the law as specified in Title 1, §1921[(b), 1 Pa. C.S. §1921(b)]. "Legislative intent controls. (b) Unambiguous words control construction.-- When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit."

5. [The trial court] erred by misapplying "§713. Business transacted at unauthorized meeting void", to negate the other provisions of the Sunshine Act.

6. [The trial court] erred in applying the citation of Tom Mistick & Sons v. City of Ptsbgh., [Inc.,] 567 A.2d 1107 [(Pa. Cmwlth. 1989)].

7. [The trial court] erred by creating case law which effectively decimates the Sunshine Act and all public meetings throughout the Commonwealth of Pennsylvania.

8. [The trial court] erred in not protecting the rights of citizen as provided by §710. 1. Public participation., ( a) General rule., " . . . to comment on matters of concern, official action or deliberation which are or may be before the board or council prior to taking official action.

Harper Brief at 3-4. Essentially, Harper challenges the trial court's ruling on the Commissioners' preliminary objections, and its denial of relief on Count Two following the non-jury trial.

On March 10, 2025, this Court directed the parties to address, in their briefs on the merits or in an appropriate motion, whether Harper preserved any issues

7

for review based upon his apparent failure to file post-trial motions.  Subsequently, on March 12, 2025, the Commissioners filed an application to dismiss, asserting that Harper's failure to file post-trial motions as required by Pa.R.Civ.P. 227.1(c)(2) has waived all issues for appellate review.  Harper responded that he would file "the required document" within 10 days but did not do so.  Harper Answer at 2.  On April 14, 2025, this Court issued an order directing that the Commissioners' application would be decided with the merits of the appeal.[4]

An appeal may be taken only upon entry of judgment.  An order entering a verdict in favor of one party is not a final order.  *See Johnston the Florist, Inc. v. TEDCO Construction Corporation*, 657 A.2d 511, 514 (Pa. Super. 1995) (stating that entry of judgment is prerequisite to exercise of the court's jurisdiction).[5] *See also Reuter v. Citizens & Northern Bank*, 599 A.2d 673, 676 (Pa. Super. 1991) (noting "[a] verdict in a non-jury trial is not appealable until the entry of judgment on the verdict"); and *Billig v. Skvarla*, 853 A.2d 1042, 1048 (Pa. Super. 2004) ("[I]n a case where nonsuit was entered, the appeal properly lies from the judgment entered after denial of a motion to remove nonsuit.").

On August 23, 2024, the trial court issued an order disposing of Counts Two and Six of Harper's amended complaint.  Neither party sought post-trial relief nor praeciped for entry of judgment.  Pennsylvania Rule of Civil Procedure 227.4(1)(a) provides that "the prothonotary shall, upon praecipe of a party . . . enter

---

[4] On November 14, 2025, this Court issued an order stating that the appeal was premature because the trial court's docket does not contain an entry of judgment on its decision.  Harper was directed to praecipe the trial court prothonotary for entry of judgment and to file with this Court a certified copy of the docket showing entry of judgment by November 19, 2025.  He did not do so.

[5] Superior Court decisions are not binding on this Court, but they offer persuasive precedent where they address analogous issues.  *Lerch v. Unemployment Compensation Board of Review.*, 180 A.3d 545, 550 (Pa. Cmwlth. 2018).

8

judgment upon . . . the decision of a judge following a trial without jury, if . . . no timely post-trial motion is filed[.]" Pa.R.Civ.P. 227.4(1)(a). On November 14, 2025, this Court directed Harper to perfect his appeal by filing a praecipe for entry of judgment upon the trial court's August 23, 2024, non-jury decision. *See* Pa.R.A.P. 905(a)(5) (stating, "[a] notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof"). Harper did not do so.

In the absence of a judgment, we are constrained to quash the appeal.[6]

_____

MARY HANNAH LEAVITT, President Judge Emerita

Judge Fizzano Cannon did not participate in the decision in this case.

_____

[6] Because of our disposition, the Commissioners' application to dismiss Harper's appeal for failure to preserve issues is denied as moot. By failing to file post-trial motions, Harper may have waived his right to seek review of the trial court's disposition of Count Two of the amended complaint. *See* Pa.R.Civ.P. 227.1(c)(2). However, a failure to file post-trial motions does not waive a challenge to the pre-trial dismissal of claims, such as the disposition of preliminary objections. *See* Pa.R.Civ.P. 227.1 cmt. (c).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ronald P. Harper, Jr.,                    :
                    Appellant             :
                                          :
        v.                                :        No. 1306 C.D. 2024
                                          :
Lancaster County Commissioners            :
Ray D'Agostino, Josh Parsons,             :
John Trescott; County Solicitor           :
Jackie Pfursic; and County Sheriff        :
Chris Leppler                             :

## **O R D E R**

AND NOW, this 17th day of February, 2026, the appeal of Ronald P. Harper, Jr., in the above-captioned matter is hereby QUASHED.

_____
MARY HANNAH LEAVITT, President Judge Emerita