## WELLSBORO AREA SCHOOL DISTRICT

v.

## TIOGA COUNTY BOARD FOR the ASSESSMENT AND REVISION OF TAXES.

### Appeal of TIOGA COUNTY, Appellant.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 23, 1994.

Decided Dec. 6, 1994.

---

Edith L. Dowling, for appellant.

Robert F. Cox, Sr. and Robert F. Cox, Jr. for appellee.

Before COLINS, President Judge, SMITH, J., and SILVESTRI, Senior Judge.

SILVESTRI, Senior Judge.

Tioga County (County), a sixth class county, appeals the determination of the Court of Common Pleas of Tioga County (trial court) that certain land owned by the Wellsboro Area School District (School District) and located in the Borough of Wellsboro was not taxable.[1]

The facts giving rise to these appeals are as follows.[2] By notice dated January 4, 1993, the Tioga County Board for the Assessment and Revision of Taxes (Board) informed the School District of a change in assessment of School District's real estate, being parcels 39–PL1–A–14 and 39–PL1–A–16, from exempt to taxable. On February 11, 1993, the School District applied for tax exemption of these parcels. Parcel 39–PL1–A–14 consists of eighteen acres. It is annexed to and adjoins other School District lands which include the site of Wellsboro Senior High School; a public street named Hilboldt Street runs through it in a southerly direction. Parcel 39–PL1–A–16 consists of 1.653 acres and also adjoins Wellsboro Senior High School.

On April 23, 1993, the Board held a public hearing pursuant to The Fourth to Eighth Class County Assessment Law, Act of May 21, 1943, P.L 571, *as amended,* 72 P.S. §§ 5453.101—5453.706. The Board decided that only a five-acre section of parcel 39–PL1–A–14, which was located east of Hilboldt Street and used for school activities, was tax exempt and that the remaining fifteen acres, designated as parcel 39–PL1–A–14–A, was taxable. The Board also decided that parcel 39–PL1–A–16 was not exempt, since "it was not necessary for the occupancy of a schoolhouse." On December 13, 1993, the trial court held a *de novo* hearing and, by order dated April 8, 1994, held that both parcels were tax exempt.

■ The first matter raised by the County is whether the trial court erred as a matter

1. The question of entitlement to a tax exemption is one of both fact and law and, absent a lack of supporting evidence or an error of law or abuse of discretion, this Court is bound by the trial court's decision. *Costar Marine Tax Assessment Appeal,* 33 Pa.Commonwealth Ct. 447, 382 A.2d 156 (1978).

2. On June 8, 1994, we, *sua sponte,* consolidated these appeals for disposition. 1065 C.D. 1994 relates to parcel 39–PL1–A–14; 1066 C.D. 1994 relates to parcel 39–PL1–A–16.

of law in conducting a *de novo* hearing on the tax exemption question. According to the County, which cites *The School District of the City of Erie v. Hamot Medical Center,* 144 Pa.Commonwealth Ct. 668, 602 A.2d 407 (1992) in support of its position, appeals from tax exemption determinations to courts of common pleas are governed by the Local Agency Law, 2 Pa.C.S. § 754. That statute provides for *de novo* hearings only "[i]n the event a full and complete record of the proceedings before the local agency was not made...." The County argues that, since the evidentiary record compiled before it was complete, the trial court should not have held a *de novo* hearing in this case.

The School District contends that, unlike in *Hamot Medical Center,* this matter was appealed to the trial court pursuant to the provisions of The Fourth to Eighth Class County Assessment Law. Section 704(a) of The Fourth to Eighth Class County Assessment Law provides for *de novo* hearings by the trial court. Section 751 of the Local Agency Law sets forth that "provisions of this subchapter shall apply to any adjudication which under any existing statute may be appealed to a court of record, but only to the extent not inconsistent with such statute." The School District argues that since Section 754 of the Local Agency Law and Section 704(a) of The Fourth to Eighth Class County Assessment Law are obviously inconsistent, Section 754 of the Local Agency Law is inapplicable herein.

We agree with the School District that the appeal in this case is governed by The Fourth to Eighth Class County Assessment Law and not the Local Agency Law. First, the appeal to the trial court from the Board's decision referred only to The Fourth to Eighth Class County Assessment Law and The General County Assessment Law, Act of May 22, 1933, P.L. 853, *as amended,* 72 P.S. §§ 5020–1—5020–602. Second, section 754 of The Local Agency Law and section 704(a) of The Fourth to Eighth Class County Assessment Law are indeed inconsistent. Therefore, as the School District contends, *Hamot Medical Center* is distinguishable from the case at bar.

Section 704(a) provides:

Any person who shall have appealed to the board for relief from any assessment, who may feel aggrieved by the order of the board in relation to such assessment, may appeal from the order of the board to the court of common pleas of the county within which such property is situated, and for that purpose may present to said court, or file in the prothonotary's office within sixty days after the board entered its order on the said assessment, a petition signed by him, his agent or attorney, setting forth the facts of the case, and thereupon the court shall proceed at the earliest convenient time to be by them appointed, of which notice shall be given to the board to hear the said appeal and the proofs in the case, and to make such orders and decrees determining from the evidence submitted at the hearing....

The foregoing section clearly provides *that the appeal from the order of the Board is by way of a petition which is to set forth the facts of the case and, thereafter, the court is to hear the appeal and the proofs in the case and to make such orders from the evidence submitted at the hearing.* The foregoing language can have no meaning other than that a trial court is to hold a *de novo* hearing. Thus, the trial court did not err in conducting such a hearing.

■ The County next argues that the School District is not the Commonwealth or an agency of the Commonwealth and is not immune from taxation. The question, of course, is not whether the School District is immune from taxation based upon whether it is a Commonwealth agency but whether, under Section 202 of The Fourth to Eighth Class County Assessment Law, the parcels at issue are exempt from taxation.

Article II, Section 202(a)(4) and (7), of The Fourth to Eighth Class County Assessment Law provides:

(a) The following property shall be exempt from all county, borough, town, township, road, poor, county institution district and school (except in cities) tax, to wit:

.    .    .    .    .

(4) All schoolhouses belonging to any county, borough, or school district, with the ground thereto annexed and necessary for the occupancy and enjoyment of the same. . . .

.    .    .    .    .

(7) All other public property used for public purposes with the ground thereto annexed and necessary for the occupancy and enjoyment of the same. . . .

72 P.S. § 5453.202(a)(4) and (7).

With regard to whether the parcels are exempt from taxation, the County argues that the trial court erred in deciding: 1) parcel 39–PL1–A–14 could not be subdivided for assessment/taxation purposes, since the evidence showed that only a portion of the parcel was used and necessary for the occupancy and enjoyment of a schoolhouse; and 2) parcel 39–PL1–A–16 was exempt from taxation, since it did not meet the constitutional criterion of use for a public purpose under Article VIII, Section 5 of the Pennsylvania Constitution, and it did not meet the statutory criterion of being necessary for the occupancy and enjoyment of a schoolhouse.

This appeal raises the question of what, if anything, a School District was required to prove, so as to qualify for an exemption under this statute, once it established that the subject land is annexed to a schoolhouse. The contention of the County is that the School District must prove that *all* of the annexed land is in use for a school purpose, and if any portion of it is not in use for a school purpose, the unused portion may be taxed. We disagree with the County, because such an interpretation would result in an unworkable rule which would leave to the Board the authority to deny tax exemptions on an arbitrary basis when it appears that a portion of the annexed land is not in use. We do not accept the County's argument because we conclude that the legislature intended no such result.

The County would have this Court substitute and place in the statute a limitation that, where the School District owns the land and the land is annexed to a schoolhouse, the School District must demonstrate that all of the land is in use for school purposes. We

again reject this interpretation and hold that once the School District, under the terms of the statute, has demonstrated that it owns the land and that the land is annexed to a. school, the burden shifts to the taxing authority to prove that a portion of the land is unnecessary for the occupancy and enjoyment of a schoolhouse before it can be taxed. The mere fact that the land is annexed to the school and is not otherwise presently in use is insufficient to meet that burden.

In *Southwest Delaware County Municipal Authority v. Township of Aston*, 413 Pa. 526, 529–530, 198 A.2d 867, 869–870 (1964), which we view as instructive, the Pennsylvania Supreme Court had before it the question of whether a school district was required to pay the assessments for a sewer system. The Supreme Court said:

> This Court, in Pittsburg v. Sterrett Subdistrict School, 204 Pa. 635, 54 A. 463, 61 L.R.A. 183, (1903), held that real estate purchased and used for public school purposes was not liable for assessments for local improvements because: (1) such real estate was public property and, therefore, not taxable or assessable for public improvements under the then existing statutes; (2) there were no statutory provisions by which such an assessment could be enforced; (3) taxation of any kind imposed on school property would interfere with and defeat the Commonwealth in maintaining the constitutionally required public school system.

The Court then concluded:

> However, reliance need not rest solely on *Pittsburg v. Sterrett Subdistrict School*, [204 Pa. 635, 54 A. 463 (1903) ] supra; the immunity of these public school properties from assessments for local improvements rests upon the present statutory law. Unlike property owned by a charity wherein the charity has the burden of proving its property is exempt from taxation, property owned by a municipality and devoted exclusively to public purposes is immune from any form of taxation or assessments unless a statute clearly and unequivocally expresses the legislative will that such property shall not be immune: *Robb v. City of Philadelphia*, 25 Pa.Super. 343,

346; *Wilkinsburg Boro v. School District,* 298 Pa. 193, 197, 148 A. 77, [ (1929) ] *Com. v. Pure Oil Co. et al.,* 303 Pa. 112, 117, 154 A. 307 [ (1931) ]; 90 A.L.R. 1137 et seq. *In Robb,* the Court said (25 Pa.Super. p. 346): "Property belonging to the state and its municipalities, and which is held for governmental purposes, is presumed to be exempt, and is not included in any designation of property to be taxed, however sweeping, unless the statute authorizing the tax expressly so provides".

*Southwest Delaware County Municipal Authority,* 413 Pa. at 531–532, 198 A.2d at 870–871. (Emphasis added.)

■ Thus, the Supreme Court has ruled that a presumption in the law exists—that is, that property held by a school district is presumed to be exempt. *Southwest Delaware County Municipal Authority.*[3] It is the County's burden to prove that the exemption does not apply in order to tax such property.

Since substantial evidence supports the trial court's determination, and since that court committed neither an error of law nor an abuse of discretion, we are bound by its decision.

Affirmed.

### ORDER

AND NOW, this 6th day of December, 1994, the April 8, 1994 order of the Court of Common Pleas of Tioga County is affirmed.

---

3. *See also* Judge James R. Kelley's concurring opinion in *Connellsville v. Fayette County Tax* *Claim Bureau,* 159 Pa.Commonwealth Ct. 241, 250, 632 A.2d 1065, 1069 (1993).