# THE COMMONWEALTH COURT OF PENNSYLVANIA

Circle of Seasons Charter School, : 
        Appellant : 
     : 
    v. : No. 1255 C.D. 2020
     : Argued: December 16, 2021
     : 
Northwestern Lehigh School District : 

BEFORE:    HONORABLE MARY HANNAH LEAVITT, Judge[1]
                 HONORABLE ANNE E. COVEY, Judge
                 HONORABLE CHRISTINE FIZZANO CANNON, Judge

OPINION
BY JUDGE LEAVITT                          FILED:  March 14, 2022

Circle of Seasons Charter School (Charter School) appeals an order of the Court of Common Pleas of Lehigh County (trial court), which dismissed its complaint seeking a refund of real estate taxes that were erroneously collected by Northwestern Lehigh School District (School District) on Charter School's tax-exempt property.  The trial court concluded that it lacked subject matter jurisdiction because Charter School failed to exhaust its statutory remedy for challenging the taxable status of its school property.  Charter School contends that the trial court erred.  First, Lehigh County (County) did not timely notify Charter School that its property's non-taxable status had changed so that Charter School could seek the statutory remedy.  Second, the trial court's dismissal of its complaint with prejudice has left Charter School without recourse even though the taxes were illegally collected by the School District.  We reverse the trial court's order and remand the matter for further proceedings in accordance with this opinion.

---

[1] This matter was assigned to the panel before January 3, 2022, when President Judge Emerita Leavitt became a senior judge on the Court.

**Background**

In 2013, the School District granted Charter School a charter under the Charter School Law.[2]  The School District renewed the charter on September 21, 2016, for a five-year term.

In May 2017, Charter School purchased two adjacent properties at 8380 and 8384 Mohr Lane in Fogelsville, Pennsylvania.  At the time of the purchase, the properties were tax exempt because they were part of the Lehigh Valley campus of Pennsylvania State University.  Charter School acquired the properties to use as its school building and has used the two parcels "exclusively for charter school activities."  Kimberly Heiman Declaration ¶6; Reproduced Record at 163 (R.R. ___).  As such, Charter School's properties are exempt from "every kind of . . . real estate tax."  Section 1722-A(e)(1) of the Charter School Law, 24 P.S. §17-1722-A(e)(1).[3]

On or around June 5, 2017, the County issued property assessment notices revising the tax status of Charter School's properties from "Non-Taxable Assessed" to "Taxable Assessed," effective January 1, 2018.  Affidavit of Francis J. Unger, Jr., Director of Real Estate for Lehigh County, Exhibit A; R.R. 169-70.  The undated notices stated that any appeal of the assessment revision had to be filed by

---

[2] Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §§17-1701-A - 17-1751-A, added by the Act of June 19, 1997, P.L. 225, No. 22.

[3] Section 1722-A(e)(1) states, in relevant part, as follows:

> [A]ll school property, real and personal, owned by any charter school, cyber charter school or an associated nonprofit foundation, or owned by a nonprofit corporation or nonprofit foundation and leased to a charter school, cyber charter school or associated nonprofit foundation at or below fair market value, that is occupied and used by any charter school or cyber charter school for public school, recreation or any other purposes provided for by this act, shall be made exempt from every kind of State, county, city, borough, township or other real estate tax[.]

24 P.S. §17-1722-A(e)(1).

July 17, 2017, or an "annual appeal" could be filed by August 1, 2017. R.R. 169-70. The assessment notices were not returned as undeliverable. Unger Affidavit ¶3; R.R. 168. Charter School asserts that it never received the County's assessment notices and, thus, could not have appealed either by July 17, 2017, or by August 1, 2017.

In July of 2017, the School District sent Charter School two invoices in the amounts of $101,413.57 and $10,387.19 for tax year 2017-2018. Affidavit of Leslie Frisbie, School District Business Administrator, Exhibit I; R.R. 173, 293-98. Charter School asserts it did not receive these invoices. In November 2017, the School District sent reminder tax invoices to Charter School for the 2017-2018 tax year in the amount of $122,980.84, which included a late payment penalty. Charter School asserts that the School District's invoices were unlawful because the properties did not have their tax status changed until January 1, 2018, and, further, Charter School never received a notice from the County revising the tax status of Charter School's properties.

On June 15, 2018, Charter School refinanced the properties. At settlement, the closing agent made a payment to the School District in the sum of $124,506.39 for "delinquent taxes" listed. Complaint, Exhibit B at 2; R.R. 26. On July 1, 2018, the School District billed Charter School $125,116.41, for taxes due on December 31, 2018, for the 2018-2019 tax year. In total, Charter School has paid $249,662.80 in real estate taxes, penalties, and interest for the 2017-2018 and 2018-2019 tax years.

In July of 2018, Charter School filed an "annual appeal" to the County of Lehigh Board of Assessment Appeals (Appeals Board). On September 20, 2018, the Appeals Board held a hearing on the matter of Charter School's exemption from

3

real estate taxes. It agreed that Charter School's properties were non-taxable and ordered the tax rolls changed, effective January 1, 2019. The Appeals Board did not act upon the School District's real estate taxes due to be paid on December 31, 2018, or the taxes previously paid for the 2017-2018 tax year.

On June 6, 2019, Charter School made a formal demand that the School District refund the real estate taxes that it had received on Charter School's two properties. When the School District did not respond, Charter School filed the instant complaint on December 17, 2019. Count I asserted an action under the Tax Refund Law,[4] and Count II asserted unjust enrichment by the School District, which was not entitled to the real estate taxes it had collected from Charter School by reason of Section 1722-A(e)(1) of the Charter School Law, 24 P.S. §17-1722-A(e)(1). Charter School sought a judgment in the amount of $249,622.80, plus interest and the costs of suit.

The School District responded with preliminary objections, asserting that the trial court lacked subject matter jurisdiction and that Charter School's pleading was legally insufficient. The School District argued that Charter School failed to exhaust its statutory remedy under the Consolidated County Assessment Law (Assessment Law), 53 Pa. C.S. §§8801-8868, to challenge the County's revision of the properties' status from non-taxable to taxable. This statutory remedy deprived the trial court of jurisdiction over Charter School's complaint.

The trial court agreed with the School District and dismissed Charter School's complaint "with prejudice."[5] Trial Court Op., 11/9/2020, at 6. In so ruling,

---

[4] Act of May 21, 1943, P.L. 349, *as amended*, 72 P.S. §§5566b-5566c, commonly known as the Tax Refund Law.

[5] The trial court's decision on jurisdiction mooted the School District's preliminary objection of legal insufficiency. Trial Court Order, 11/9/2020, ¶2.

4

the trial court explained that Charter School did not provide a "record explanation" to support its claim that it did not receive the County's assessment notices. *Id*. at 4. Under the mailbox rule, proof of mailing raises a rebuttable presumption that the mailed item was received, and Charter School did not rebut this presumption. The trial court further found that Charter School learned of the taxable status of its properties by November 2017, after it received the School District's second tax invoices and "certainly" by June 15, 2018, "when the 2017 delinquent taxes were paid as line items on the settlement sheet." *Id*. at 5. The trial court reasoned that Charter School should have initiated an appeal "at least in 2018" and had it done so it "may well have been permitted to address the 2017 taxes[.]" *Id.* Nevertheless, the trial court found that the County's 2017 assessment notices lacked a mailing date, and this date is required pursuant to Section 8844(a) of the Assessment Law, 53 Pa. C.S. §8844(a).[6] Inexplicably, the trial court failed to appreciate that Charter School had filed an appeal "at least in 2018." Trial Court Op. 11/9/2020 at 5. However, that appeal, while successful, revised the tax status of Charter School's properties effective January 1, 2019. The Appeals Board addressed neither the 2017 nor 2018 taxes erroneously paid by Charter School. Notably, Charter School's properties were on the County taxable property rolls for one year, beginning January 1, 2018.

Charter School then filed the instant appeal.[7]

---

[6] It states:

> (a) Notices.--The county assessment office shall mail to each record property owner, at the last known address of the record property owner, and to the affected taxing districts notice of any change in assessment or new assessment made pursuant to [S]ection 8841(c) (relating to assessment roll and interim revisions). The notice shall state . . . [a] [m]ailing date.

53 Pa. C.S. §8844(a).

[7] Our review of a trial court's order sustaining preliminary objections and dismissing a complaint determines whether the trial court committed an error of law or abused its discretion. *Dixon v.*

## Appeal

Before this Court, Charter School raises three issues. First, it argues that the trial court erred in holding that it lacked subject matter jurisdiction. Second, it argues the trial court erred in allowing the School District to retain taxes it collected even though the County's notice to Charter School was facially defective, and the School District knew Charter School did not owe the taxes. Third, it argues that the trial court erred by dismissing its complaint with prejudice.

Charter School explains that it never received the County's assessment notices stating that the properties had been added to the rolls of taxable properties and, thus, it could not file a timely appeal under the Assessment Law. Even so, the notices were facially defective, which rendered the notices void *ab initio*. When Charter School learned in 2018 that the County had revised the taxable status of the properties, it filed an appeal with the Appeals Board. The Appeals Board sustained Charter School's appeal, but as of January 1, 2019. Lacking any other recourse, Charter School filed an action under the Tax Refund Law to seek a refund of the 2017 and 2018 taxes paid to the School District. Alternatively, Charter School sought recovery under a theory of unjust enrichment, explaining that the School District knew that Charter School had purchased the properties for its school and knew the properties were tax exempt. Accordingly, the trial court had equity jurisdiction to consider Charter School's claims or, at a minimum, to transfer the matter to the Appeals Board for a *nunc pro tunc* appeal. By dismissing Charter

*Cameron County School District*, 802 A.2d 696, 699 n.3 (Pa. Cmwlth. 2002). In reviewing preliminary objections, the court must accept well-pleaded facts as true. *Id.* Preliminary objections are only sustained in cases that are free from doubt and when it appears with certainty that the law permits no recovery under the allegations made. *Id*. A preliminary objection in the nature of a demurrer presents a question of law; thus, our standard of review is *de novo* and our scope of review is plenary. *Martel v. Allegheny County*, 216 A.3d 1165, 1171 n.11 (Pa. Cmwlth. 2019).

School's complaint with prejudice, the School District has been allowed to "retain funds to which it is clearly not entitled." Charter School Brief at 22.

School District responds that the trial court properly dismissed Charter School's complaint. The County's notices of the change in the properties' tax status were not returned as undeliverable. Even so, Charter School concedes that it waited until July 2018 to appeal. Because it paid the 2017 and 2018 taxes without protest, those payments are conclusive. The fact that the County's assessment notices lacked a mailing date is irrelevant. Charter School is simply "attempting to get a second bite at [the] apple where [its] own lackadaisical behavior" led to this result. School District Brief at 8.

## Analysis

We begin with a review of the applicable provisions of the Charter School Law, the Assessment Law, and the Tax Refund Law.

The Charter School Law[8] makes charter schools part of the public school system to, *inter alia*, provide expanded choices in the types of educational opportunities available within public schools. Section 1702-A of the Charter School Law, 24 P.S. §17-1702-A; *Zager v. Chester Community Charter School*, 934 A.2d 1227, 1232 (Pa. 2007). A charter school is defined as

> an independent public school established and operated under a charter from the local board of school directors and in which students are enrolled or attend. A charter school must be organized as a public, nonprofit corporation. Charters may not be granted to any for-profit entity.

---

[8] To this end, the Charter School Law is part of the Public School Code of 1949, Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §§1-101 - 27-2702.

Section 1703-A of the Charter School Law, 24 P.S. §17-1703-A. A charter school is funded by the district. Section 1725-A(a)(2), (5) of the Charter School Law, 24 P.S. §17-1725-A(a)(2), (5). Notably, the local board of school directors may "revoke" or refuse to renew a charter where the charter school violates the Charter School Law or other applicable laws. Section 1729-A(a) of the Charter School Law, 24 P.S. §17-1729-A(a).

Just as a public school is exempt from real estate taxation, so is a charter school. Real property used by a charter school for any purpose under the Charter School Law, including its school building, is exempt from "every kind of . . . real estate tax." Section 1722-A(e)(1) of the Charter School Law, 24 P.S. §17-1722-A(e)(1). *See Wellsboro Area School District v. Tioga County Board for the Assessment and Revision of Taxes*, 651 A.2d 592, 596 (Pa. Cmwlth. 1994) (school district property exempt from taxation because it is held for governmental purposes); *Granville Township v. Board of Assessment Appeals of Mifflin County*, 900 A.2d 1012, 1015 (Pa. Cmwlth. 2006) (public property is not subject to tax lest the government in effect tax itself). Once a charter school has demonstrated that it is using its property for purposes consistent with the Charter School Law, it is presumed to be exempt from taxation and the county has the burden of proving otherwise. *Wellsboro*, 651 A.2d at 595-96.

The Assessment Law governs taxation of real property by school districts. Section 8811(a) states, in pertinent part, that

> all subjects and property made taxable by the laws of this Commonwealth for . . . school district purposes shall, as provided in this chapter, be valued and assessed at the annual rates, including all . . . [r]eal estate . . . [and] [a]ll other things now taxable by the laws of this Commonwealth for taxing districts.

8

53 Pa. C.S. §8811(a). To impose taxes on real estate, the county assessment office must prepare and submit to the assessment board, "[a]nnually, on or before the first day of July," an assessment roll of properties subject to, or exempt from, local taxation. 53 Pa. C.S. §8841(a). Moreover,

> [t]he county assessment office is authorized to make additions and revisions to the assessment roll at any time in the year to change the assessments of existing properties pursuant to [S]ection 8817 (relating to changes in assessed valuation) or add properties and improvements to property mistakenly omitted from the assessment roll as long as notice is provided . . . . All additions and revisions shall be a supplement to the assessment roll for levy and collection of taxes for the tax year for which the assessment roll was originally prepared.

53 Pa. C.S. §8841(c).

If there is any change in a property's assessment, the county assessment office shall provide notice to each record property owner. The notice "shall" state: the mailing date, property location, parcel identifier, effective date, established predetermined ratio, base-year value, old assessment, and new assessment, including the assessment of each parcel of land, and the assessed value of any improvements. 53 Pa. C.S. §8844(a). The notice must be mailed within 5 days from the date the county assessment office makes the change to its official records and "shall state that any persons aggrieved by the assessment and the affected taxing districts may file an appeal to the board within 40 days of the date of the notice." 53 Pa. C.S. §8844(b).

The mailing date in the notice is essential. Without it, a taxpayer has no basis for knowing the number of days remaining in the 40-day period in which to file an appeal. *Schmidt v. Commonwealth*, 433 A.2d 456, 458 (Pa. 1981). A defect in the notice does not set aside any assessment, but "upon proof of defective notice,

9

the aggrieved party or taxing district shall have the right to a hearing before the board." 53 Pa. C.S. §8845.

The Assessment Law also allows an assessment appeal by the "annual appeal deadline." 53 Pa. C.S. §8844(c)(1). Regarding the "annual appeal," the Assessment Law states, in relevant part, as follows:

> Any person aggrieved by any assessment, whether or not the value thereof shall have been changed since the preceding annual assessment, or any taxing district having an interest in the assessment, may appeal to the board for relief. *Any person or taxing district desiring to make an appeal shall, on or before September 1 or the date designated by the county commissioners . . .* file with the board an appeal in writing[.]

*Id*. A tax refund, with interest, is available upon final disposition of an assessment appeal. 53 Pa. C.S. §8854(c).

Under the Tax Refund Law, a taxpayer may file a written claim for a refund of taxes unlawfully paid. Section 1 of the Tax Refund Law, 72 P.S. §5566b(a), 5566b(c)(1). However, the "right to a refund" afforded by the Tax Refund Law is not available where the taxpayer has "a specific remedy by way of review, appeal, refund, or otherwise, for recovery of monies paid" under "any other statute." 72 P.S. §5566b(b). If a school district refuses to refund the moneys paid,

> the aggrieved person or corporation shall have the right to bring suit for and recover any such taxes, interest, license fees, penalties, fines or other moneys to which the political subdivision is not legally entitled, subject to the limitation herein provided, by instituting an action in assumpsit in the court of common pleas of the county wherein such political subdivision is located.

Section 2 of the Tax Refund Law, 72 P.S. §5566c.

10

With these principles in mind, we turn to Charter School's appeal.

## Subject Matter Jurisdiction

Charter School asserts that the trial court erred when it concluded that it lacked jurisdiction because Charter School failed to exhaust its remedy under the Assessment Law. Specifically, it contends that it never received the County's assessment notices that its properties had been placed on the rolls of taxable properties. 53 Pa. C.S. §8841(c). It was impossible, therefore, to appeal by July 17, 2017, or by the annual appeal deadline of August 1, 2017. Alternatively, Charter School argues that the County's notices were facially defective, and, thus, void *ab initio*. On this basis, the trial court should have assumed jurisdiction.

The trial court found that Charter School received the School District's reminder notices regarding the tax invoices in November of 2017. However, Section 8844(b) of the Assessment Law authorizes an appeal of assessments not tax invoices. Section 8844(b) states, "any persons aggrieved by the assessment . . . may file an appeal to the board within 40 days of the date of the notice." 53 Pa. C.S. §8844(b).

There is no dispute that the County's assessment notices lacked the mailing date required by Section 8844(a) of the Assessment Law, 53 Pa. C.S. §8844(a). The mailing date is "essential" as, without it, a taxpayer has no "reliable basis for knowing the number of days remaining in which to file [an appeal]." *Schmidt*, 433 A.2d at 458. In sum, Charter School lacked the information "essential" to enable it to exercise its appeal rights with the Appeals Board. Nevertheless, Section 8845 of the Assessment Law states, in relevant part, as follows:

> No defect in service of any notice shall be sufficient grounds for setting any assessment aside, but, *upon proof of defective notice, the aggrieved party or taxing district shall have the right to a hearing before the board*.

11

53 Pa. C.S. §8845 (emphasis added). In short, Charter School was entitled to a hearing before the Appeals Board on whether its school properties had ever belonged on the rolls of taxable property in the County.

Charter School contends that the trial court should have assumed equity jurisdiction over its claims. In support, Charter School relies on *City of Connellsville v. Fayette County Tax Claim Bureau*, 632 A.2d 1065 (Pa. Cmwlth. 1993). There, a community center never received proper notice from the county that its taxable status had changed, as required by Section 701 of the former Fourth to Eighth Class County Assessment Law.[9] This Court affirmed the trial court's order that voided, *ab initio*, the change in the community center assessment status.

*Connellsville* is distinguishable because it involved a different statute, *i.e.*, the former Fourth to Eighth Class County Assessment Law. This statute did not provide a remedy where a county's assessment notice was defective. By contrast, in the instant case, Section 8845 of the Assessment Law, 53 Pa. C.S. §8845, applies,

---

[9] Act of May 21, 1943, P.L. 571, *as amended*, *formerly* 72 P.S. §5453.701, repealed by the Act of October 27, 2010, P.L. 895. Former Section 701(a) provided, in relevant part, as follows:

> The board shall, on or before the fifteenth day of July prepare an assessment roll or list of persons and property subject to local taxation, together with the value placed upon each person and each parcel or tract of real property. The board shall at the same time prepare a list of all property exempted by law from taxation. It shall cause to be mailed or delivered to each owner of property or person assessed, and taxing district having an interest therein, the actual value of whose property or personal assessment has been changed from that fixed in the preceding assessment roll as corrected after revision or the value of whose property or personal assessment has not theretofore been separately fixed, or when the established predetermined ratio has been changed within the county, at his last known address, a notice of such change, the amount of the present assessment, valuation and ratio . . . and the amount of such new assessment, valuation and ratio. Said notice shall be mailed within five days from the date the board made such change or added said property to the roll[.]

*Formerly* 72 P.S. §5453.701(a).

and it provides a specific remedy where a defective assessment notice has been given to a taxpayer. This statutory remedy displaced the trial court's exercise of equitable jurisdiction.[10]

The School District asserts that Charter School has waived its right to challenge the defective assessment notice because it paid the 2017-2018 and 2018-2019 real estate taxes. The School District directs this Court to *Appeal of York & Foster*, 63 A.2d 358 (Pa. Super. 1949). There, the Superior Court held that the taxpayer waived its right to challenge the lack of a tax assessment notice because it paid the taxes owed under the increased assessment. Specifically, the taxpayer paid the tax on July 31, 1947, and did not appeal until May 21, 1948, almost 10 months after the increase. The taxpayer asserted that the county did not comply with Section 701 of the former Fourth to Eighth Class Assessment Law.[11] The Superior Court held that the taxpayer had "actual notice" of the assessment increase in its tax invoice, which it paid. *Appeal of York & Foster*, 63 A.2d at 359.

*Appeal of York & Foster* is distinguishable. The instant case does not involve a tax increase but a tax exemption. Charter School paid the 2017-2018 taxes at the direction of the closing agent when it refinanced the properties in 2018. Shortly thereafter, Charter School appealed its properties' placement on the taxable rolls. The Appeals Board granted relief, but effective January 1, 2019.

---

[10] Both parties also refer to *Atlantic City Electric Company v. United School District*, 780 A.2d 766 (Pa. Cmwlth. 2001), which is not relevant. In *Atlantic City*, appellants sued the school district not the county. The School District argues that it should not be penalized for the County's defective notice, noting that the County was not named as a defendant. School District Brief at 23. The School District is not being "penalized" if Charter School obtains a hearing before the Appeals Board. At the hearing, the School District will have an opportunity to present evidence and persuade the Appeals Board that Charter School's properties are not entitled to the exemption provided by Section 1722-A(e)(1) of the Charter School Law, 24 P.S. §17-1722-A(e)(1).

[11] *See supra* note 9.

13

The trial court dismissed Charter School's complaint with prejudice. Given the trial court's finding that the County's notice was defective, this was error. Charter School is entitled to a hearing under Section 8845 of the Assessment Law to challenge the change in its taxable status. The trial court had before it a complaint in equity and should have considered, *inter alia*, whether Charter School should be permitted to pursue an appeal *nunc pro tunc*. *See Department of Transportation, Bureau of Traffic Safety v. Rick*, 462 A.2d 902, 903 (Pa. Cmwlth. 1983) (whether to allow *a nunc pro tunc* appeal is an equitable matter). A *nunc pro tunc* appeal is a recognized exception to an appeal deadline and will be allowed where there is a breakdown or negligence by the administrative agency. *Union Electric Corporation v. Board of Property Assessment, Appeals & Review of Allegheny County*, 746 A.2d 581, 584 (Pa. 2000). Here, the trial court's finding that the County's assessment notices did not conform to statutory requirements established the negligence that warrants a *nunc pro tunc* appeal before the Appeals Board on whether the County properly revised the tax status of Charter School's properties on June 5, 2017.

To enable Charter School to avail itself of this hearing, the trial court should have transferred Charter School's complaint to the Appeals Board for disposition. Section 708 of the Judicial Code states that

> [i]f a complaint in the nature of equity . . . is commenced in any court against a government unit . . . objecting to a governmental determination . . . *where the proper mode of relief is an appeal from the determination of the government unit, this alone shall not be a ground for dismissal*[.]

42 Pa. C.S. §708(c) (emphasis added). The trial court may transfer an "appeal" or other matter "deemed to be filed or commenced under any provision of [Section 708]." 42 Pa. C.S. §708(d). Because the "proper mode of relief" for a charter school

14

to challenge its tax assessment is an appeal before the Appeals Board, the trial court erred in dismissing the complaint with prejudice.[12] Instead, it should have transferred Charter School's complaint to the Appeals Board for a decision on whether the County's assessment notices of June 5, 2017, were valid, whether Charter School's properties are taxable, and whether Charter School is entitled to a refund from the School District.

## Conclusion

Based on the foregoing, we reverse the trial court's order dismissing Charter School's complaint with prejudice. We remand this matter to the trial court with instructions to transfer this matter to the Appeals Board to consider the merits of Charter School's challenge to the County's assessment notices and the School District's tax invoices on Charter School's properties for tax years 2017-2018 and 2018-2019.

_____
MARY HANNAH LEAVITT, President Judge Emerita

Judge Wallace did not participate in the decision in this case.

_____

[12] Because there is a remedy available to Charter School under the Assessment Law via a *nunc pro tunc* appeal, the trial court properly refused to consider Charter School's claim under Section 1 of the Tax Refund Law, 72 P.S. §5566b ("The right to a refund afforded by this act may not be resorted to in any case in which the taxpayer involved had or has available under any other statute … a specific remedy by way of review, appeal, refund or otherwise[.]"). We affirm this part of the trial court's decision.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Circle of Seasons Charter School,   :
                Appellant   :
                         :
        v.                 :    No. 1255 C.D. 2020
                         :
                         :
Northwestern Lehigh School District  :

## **O R D E R**

AND NOW, this 14th day of March, 2022, the order of the Court of Common Pleas of Lehigh County dated November 9, 2020, is REVERSED, and the matter is REMANDED to the common pleas court to transfer the matter to the County of Lehigh Board of Assessment Appeals consistent with the foregoing opinion.

Jurisdiction relinquished.

_____
MARY HANNAH LEAVITT, President Judge Emerita